In the Matter of the Application of EUGENE P. CONNOLLY, Individually and as Secretary of the New York County Committee of the American Labor Party, Petitioner, against S. HOWARD COHEN and Others, as Commissioners of Elections for the City of New York, Constituting the Board of Elections of the City of New York, and HARRY GREENBERG, MORRIS NOVICK and (HAROLD BAER), Respondents, for an Order, etc.*

SOLOMON S. GOLDSMITH and Others, Intervening Petitioners.

Supreme Court, Special Term, New York County, December 7, 1939.

*Hyman N. Glickstein, Samuel M. Blinken* and *Arthur Schutzer,* for the petitioner.

*S. S. Goldsmith* [*Myron S. Isaacs* of counsel], for the intervening petitioners.

* Affd.; 258 App. Div. 944; Id. 945.

*Emil Schlesinger*, for the respondents Harry Greenberg and Morris Novick.

WASSERVOGEL, J. The question presented in this proceeding is as to what persons are entitled to recognition as the officers and members of the executive committee of the New York county committee of the American Labor Party. On October 9, 1939, petitioner filed with the board of elections a certificate setting forth the names and addresses of certain persons who claim to be the duly elected officers and members of the executive committee. On objections made by respondents this certificate was rejected by a vote of three commissioners of the board of elections as against the vote of one commissioner who favored its recognition.

It is conceded that on September 19, 1939, the regular party primary of the American Labor Party was duly held in accordance with law; that at said primary members of the New York county committee of the American Labor Party were duly elected by the enrolled voters of that party to serve for a period of two years and that petitioner was among the county committeemen so elected. It is also conceded that thereafter, pursuant to section 15 of the Election Law, which provides that " Every county committee shall within twenty days after its election meet and organize by the election of a chairman, treasurer and secretary and such other officers as its rules may provide," the respondents caused notices to be sent to the members of the county committee who had been duly elected on primary day, stating that such organization meeting would be held on Friday, October 6, 1939. The county committee convened and an agenda for the meeting was duly adopted. This agenda called for the election of officers and members of the New York county executive committee to serve for the ensuing two years. A nominations committee was appointed by the respondent Greenberg, who was the chairman of the county committee and chairman of the meeting. It appears that the business of the meeting proceeded until about eleven-thirty P. M. Greenberg then announced that the custodian of the school building wherein the meeting was being held would allow the building to be used for this purpose for only ten minutes more. Petitioner claims that the nominations committee was about to report. It is conceded that such report had not yet been submitted. The chairman, Greenberg, suggested that someone move to adjourn. Such a motion was made. Greenberg called for an " aye " vote on the motion. Petitioner claims that without calling for a " no " vote Greenberg stated that there was no use in voting " no," as he would close the meeting in any event. Greenberg then announced the meeting adjourned and left the platform. There is a question as to how many voted for

adjournment and as to how many remained in the meeting hall after Greenberg left the platform. Petitioner, who claims that he was vice-chairman of the county committee, was then on the platform. He took the chair and continued the meeting. Respondents contend that petitioner was vice-chairman of the *executive committee* of the county committee and not of the county committee, and, therefore, had no right to act as chairman of a meeting of the county committee. At any rate, the meeting was proceeded with, and it is claimed that persons referred to in the certificate hereinbefore mentioned were elected as officers of the county committee and members of the executive committee. It is conceded that when Greenberg. as chairman declared the meeting for the organization of the county committee adjourned, the adjournment was *sine die.* The respondents, who had been officers and executive members of the county committee of the American Labor Party up to the date of the meeting (October 6, 1939) are continuing to hold office, apparently under section 9 of article II of the rules and regulations of the New York county committee of the American Labor Party, which provides that " officers and standing committees * * * shall hold office and serve from the time of selection until their successors are chosen." At the conclusion of the argument of this motion there was presented a motion for leave to intervene in this proceeding by one Solomon S. Goldsmith in his own behalf and in behalf of all other members of the New York county committee of the American Labor Party similarly situated. This motion was granted, as appears by the decision published herewith (short form order).

Goldsmith contends that because of the questions presented on this motion as to the legality of the meeting at which it is claimed officers and executive members were elected, after the adjournment without day was declared by respondent Greenberg, and the fact that respondents who were officers and executive members of the county committee are continuing to function as such although concededly not elected at the meeting of October 6, 1939, that a new election be directed by the court pursuant to the provisions of section 330 of the Election Law.

The petitioner meets this contention by expressing his willingness to waive any right he may have acquired by virtue of the election and in his own behalf and in behalf of the others who claim to have been elected officers and executive members of the county committee, petitioner consents that a new election be ordered. Respondents contend that the court is without power to order such election. I disagree with this view.

Section 330 of the Election Law provides:

" Summary jurisdiction. The Supreme Court is vested with jurisdiction to summarily determine *any question* of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the Supreme Court shall make such order as justice may require. * * *

" Subd. 2. The nomination of any candidate or his election to any party position, in a proceeding instituted by any candidate aggrieved * * * and the court may direct a reassembling of any convention or the holding of a new primary election where a convention or primary election has been characterized by such frauds or irregularities as to render impossible a determination as to who rightfully was nominated or elected * * *."

The respondents contend that petitioner is not an aggrieved candidate for a ' party position " inasmuch as his membership in the New York county committee is not involved. However, section 10 of the Election Law expressly provides:

" Party committees. Party committees consist of a State committee, county committees, and such other committees as the rules of the party may provide. Existing committees shall continue until their successors are chosen as herein provided."

Section 14 of the Election Law provides:

" Formation of committees other than State and county committees. All committees other than State and county committees shall be formed in the manner provided for by the rules of the party."

The rules and regulations of the American Labor Party in the county of New York provide, in article II, section 7, for a county executive committee, as follows:

" Section 7. The county executive committee shall be composed and elected as follows: chairman, secretary, treasurer and one member from each assembly district in which there is an affiliated American Labor Party club, these officers and members to be elected by the county committee at its biennial meeting."

Article IV, section 1, of the same rules, which relates to the powers of the county executive committee, provides:

" Section 1. The county executive committee shall have the power to act for the full county committee but subject to its rules and approval. It shall carry out the resolutions of the county committee and shall between meetings of the committee administer the affairs and business and carry on the work and activities of the American Labor Party within the county and perform and exercise all of the functions, powers, rights, privileges and duties of the county committee."

It, therefore, appears that the rules of the American Labor Party, in accordance with the specific provisions of sections 10 and 14 of the Election Law, provide for a county executive committee with broad powers to manage the affairs of the party in New York county and further provide that the officers elected by the county committee shall also be members of the county executive committee. The importance attached to membership in the executive committee is further evidenced by the call for the county convention which the respondent sent out, which states that " it will be the function of the duly elected county committee members attending this meeting to elect the New York county executive committee which will act as the guiding spirit of our party in the county of New York for the next two years." It, therefore, clearly appears that there is involved in this proceeding the petitioner's election to membership in the county executive committee, both as an individual member thereof and as secretary. This is plainly a party position " concerning membership in a party committee " specifically provided for by the rules of the party in accordance with sections 10 and 14 of the Election Law.

The conflicting statements as to what occurred with respect to (1) the adjournment of the meeting, (2) the alleged election of petitioner, clearly indicate such irregularities as to render impossible a determination by the court as to whether petitioner was rightfully elected, and the interests of justice require that the application of the intervenors for a new election, as joined in by petitioner, be granted. (Election Law, § 330.) Cross-motion to dismiss petition denied. Settle order.