In the Matter of JOHN W. CRAWFORD, Individually and as Chairman of the Kings County Committee of the American Labor Party, and as Chairman and Member of the Executive Committee of the Kings County Committee of the American Labor Party, et al., Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents, and JOHN GELO et al., Appellants and Respondents.

In the Matter of SAUL MILLS et al., Individually and as Members of the Kings County Committee of the American Labor Party, and on Behalf of All Other Members of Said Committee Similarly Situated, Respondents and Appellants.

Argued October 4, 1943; decided October 6, 1943.

Leo J. Linder for John W. Crawford et al., petitioners-appellants. Petitioners' appeal is as of right and petitioners are entitled to a review of the questions of fact. The order appealed from is a final order reviewable as of right. (Civ. Prac. Act, § 588, subds. 1 [b], 1 [c].) The order appealed from is not a discretionary order. (Election Law, § 330.) The Court of Appeals has jurisdiction to review the facts in view of the determination of the Appellate Division. (Civ. Prac. Act, § 605; *Matter of Murtha,* 259 N. Y. 456.) Petitioners were entitled to the relief prayed for and the Appellate Division erred in affirming the dismissal of the petition by Special Term. The issues with respect to the petition were adequately litigated. (37 Cyc. 527; *Matter of Gabelmann,* 136 Misc. 641; *Matter of Hennessy,*

164 N. Y. 393.) The Court of Appeals should reverse the order of the Appellate Division by either (a) granting the petition or (b) reinstating the order of Special Term.

*Henry Epstein* for Saul Mills et al., interveners-appellants. Interveners' appeal is as of right and interveners are entitled to a review of the questions of fact involved herein. The Appellate Division erred in reversing findings of fact and the Court of Appeals should reinstate such findings on reviewing the facts. (*Matter of Murtha,* 259 N. Y. 456.) The issues with respect to the reversed findings were adequately litigated. (37 Cyc. 527; *Matter of Gabelmann,* 136 Misc. 641; *Matter of Hennessy,* 164 N. Y. 393; *Citizens Trust Co.* v. *Prescott & Son, Inc.,* 221 App. Div. 426; *Schultze* v. *Huttlinger,* 150 App. Div. 489; *Jones* v. *Merchants' Nat. Bank,* 48 Hun, 620, 113 N. Y. 629; *Tribune Assn.* v. *Smith,* 8 J. & S. 251, 68 N. Y. 621; *Matter of Waldman* v. *Churchill,* 262 N. Y. 247; *Matter of Reed* v. *Bd. of Standards & Appeals,* 255 N. Y. 126; *People ex rel. Lester* v. *Eno,* 176 N. Y. 513; *Mawhinney* v. *Millbrook Woolen Mills,* 231 N. Y. 290; *Bedlow* v. *New York Floating Dry Dock Co.,* 112 N. Y. 263.) The issues with respect to the reversed findings are not irrelevant. The court has the power to supervise judicially a meeting of a county committee. (Election Law, § 330; *Matter of Connolly* v. *Cohen,* 173 Misc. 288, 258 App. Div. 944; *Matter of Holley* [*Rittenberg*], 268 N. Y. 484; *Matter of Kelly* v. *Cohen,* 255 App. Div. 787; *People ex rel. Fleming* v. *Hart,* 11 N. Y. Supp. 673, 13 N. Y. Supp. 903; *Dusing* v. *Nuzzo,* 263 App. Div. 59; *Matter of Washington Avenue Baptist Church,* 215 App. Div. 529; *Matter of Kaminsky,* 251 App. Div. 132, 277 N. Y. 524; *Bartlett* v. *Gates,* 118 F. 66; *Deal* v. *Erie Coal & Coke Co.,* 248 Penn. St. 48.) The safeguards provided by the Appellate Division order do not insure a lawful meeting which will give effect to the will of the majority of the elected County Committee. Nothing less than judicial supervision will furnish such guarantee. Such supervision is urgently required in the high interest of maintaining our democratic institutions. (*Matter of Broat,* 6 Misc. 445; *People ex rel. McCarren* v. *Dooling,* 128 App. Div. 1; *People ex rel. Coffey* v. *Democratic General Committee,* 164 N. Y. 335.)

*Walter Jeffreys Carlin* and *Israel Convisser* for John Gelo et al., appellants and respondents. The Election Law does not grant summary jurisdiction to the Supreme Court to declare null and void the election of officers of a county committee and members of its executive committee at a meeting, regularly and duly called, at which a quorum was present, agenda adopted, nominations made and an election held. (*McKane* v. *Adams,* 123 N. Y. 609; *Matter of Ganley,* 90 Misc. 445; *Matter of Gordon* [*Amter*] v. *Board of Elections,* 169 Misc. 730; *Matter of Holley* [*Rittenberg*], 268 N. Y. 484; *Matter of Devine* v. *Osmann,* 275 N. Y. 423; *Matter of Hogan* v. *Supreme Court,* 281 N. Y. 572.) If the court holds that positions as members of the Executive Committee of the County Committee are party positions, to which persons have been nominated and elected within the meaning of these words as used in section 330, then thirty-two persons have been deprived of such positions without hearing. The fact that the main auditorium of Prospect Hall was inadequate to hold the 3,479 members of the Kings County Committee did not justify the court in directing that a new meeting be held. The Appellate Division was not justified in giving to petitioners, whose petition was dismissed, joint control of the calling of a new meeting and the supervision of its activities. (*Matter of Dermody,* 262 App. Div. 1041; *Matter of Connolly* v. *Cohen,* 173 Misc. 288, 258 App. Div. 945.) The appeal of the petitioners should be dismissed. The Court of Appeals is precluded from considering any questions other than those of law, since in the instant case the Appellate Division reversed findings but made no new findings. (Civ. Prac. Act, § 602, subd. 2; § 605.)

*Ignatius M. Wilkinson, Corporation Counsel* (*Paxton Blair* and *Thomas W. A. Crowe* of counsel), for Board of Elections of City of New York, respondent.

*Per Curiam.* Section 330, subdivision 2, of the Election Law gives the Supreme Court summary jurisdiction in a proper case to order a reconvening of an organization meeting of the county committee of a political party. So much of the order here appealed from as orders the county committee meeting reconvened, is justified by the proof that many of the committee-men who attended at the place chosen for the first meeting could not be accommodated there, and the proof that for that reason

a determination as to the result of the balloting was impossible. The Appellate Division under the circumstances of this case properly refused to determine the disputed questions of fact as to other alleged irregularities. The other directions in the Appellate Division order do not seriously curtail the rights of any party and so do not require our attention. No other question survives in this court.

The order should be affirmed, without costs.

RIPPEY, J. (dissenting). I dissent and vote to reverse the orders appealed from and to dismiss the petition on the ground that the Election Law confers no jurisdiction upon the Supreme Court to reconvene a meeting of the county committee duly called and conducted in accordance with section 15 of the Election Law and the rules of the party.

The field within which the plenary powers of the court may be exercised is limited to the matters specified in section 330 of the Election Law (*Matter of Holley* [*Rittenberg*], 268 N. Y. 484, 487). Subdivision 2 of that section limits the power of the court to act summarily as to " The nomination of any candidate, or his election to any party position, * * *." By the Legislature alone may such summary powers as are here sought to be invoked be extended (*Matter of Hogan* v. *Supreme Court,* 281 N. Y. 572, 576).

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur in *Per Curiam* opinion; RIPPEY, J., dissents, in opinion.

Order affirmed.