Per Curiam.

The order appealed from issued a temporary injunction restraining the holding of a meeting of the County Committee of the Democratic Party in the County of New York called to nominate a person for the position of commissioner of the board of elections in the city of New York, pursuant to the provisions of sections 30 and 31 of the Election Law. The reason assigned by Special Term for enjoining the meeting was that the place selected, Cooper Union, was not sufficiently large to accommodate the membership who would attend. Cooper Union would accommodate 1,800 persons. The County Committee consists of 11,985 members. In its opinion Special Term suggested a number of larger meeting halls that might be used for the meeting but only one of these would accommodate the entire number of committeemen and that place apparently is not available.
The papers submitted in opposition gave factual recitals of past experience with respect to meetings of the present nature indicating that only a small fraction of the full membership ever attended such meeting. Plaintiff contends on the other hand that because of the public interest in the subject of the present meeting a full attendance might be expected. Plaintiff further contends that section 31 of the Election Law required affirmative action at a meeting of the present nature by at least a majority of the whole committee and thus there would have to be in actual attendance enough members to secure a vote of 5,993 committeemen for a particular nominee. Defendant on the other hand contends the provisions of section 31 referred to describe only the substantial form of the certificate to be executed by the chairman of the meeting and do not require that 5,993 persons must actually vote for the candidate recommended in order to evidence the opinion of a majority of the committee approving his selection.
The principal question presented to this court is whether the issuance of a temporary injunction was warranted under the present circumstances. Preliminary injunction is an extraordinary remedy. It should not be resorted to, especially to enjoin the holding of a meeting required to be held by law, where there *463 is an adequate remedy otherwise available. If ever afforded, because the existence of other adequate remedy is questionable, there must be a clear showing of facts supporting the granting of the extraordinary relief.
Here it seems to us that, as the plaintiff’s proof consisted largely of conjecture and surmise as to the number of persons that might attend the meeting, it afforded insuEcient factual support for the issuance of the order especially in the light of the contrary proof as to prior experience of attendance at meetings of this nature. Furthermore, it would seem that there was no showing of lack of ample opportunity to secure relief after the event if it should appear that the attendance at the meeting was such that it was impossible to ascertain accurately the views or votes of the committee members. In such a case the Supreme Court could direct the holding of another meeting upon a proper showing (Matter of Crawford v. Cohen, 291 N. Y. 98).
We find that the issuance of the injunction was an improper exercise of discretion.
We construe section 31 of the Election Law, not to require the presence and aErmative votes of an actual majority of the whole County Committee in order to adopt a resolution nominating a person for commissioner of elections. Beading the Election Law as a whole and particularly those provisions relating to the conduct .of the business of committees of the various political parties, we find support for the contention of defendants that the committee may act by a majority of a quorum at a meeting properly called to take the action required by sections 30 and 31.
Section 15 of the Election Law authorizes county committees to adopt rules governing the conduct of their affairs. Here it appears that a rule has been adopted by the New York County Democratic Committee fixing 200 members as the number to constitute a quorum. Buies adopted pursuant to express authority granted by statute are effective unless such rules run counter to some express provision of the organic law. The provision in section 31 relied on by plaintiff is contained in a portion of the section setting forth the substantial form of the certificate to be executed by the chairman of the meeting. We do not construe these provisions to mean that a majority of the whole committee must be present and vote aErmatively in order to adopt a resolution that would indicate the opinion of a majority of the committee. Notice having been duly given of the purposes of the meeting and the members presumably being *464 familiar with the rules and the methods of conducting the business, a vote of a majority of a duly constituted quorum would meet the requirement of section 31. To construe the statute otherwise would, it seems to us, imply .to the Legislature an intent to circumscribe unduly the conduct of the affairs of county committees of political parties. We have considered section 41 of the General Construction Law and find it inapplicable to the present situation.
Under the circumstances we find that the issuance of a temporary injunction was unwarranted. The order appealed from should be reversed and the motion denied.
Peck, P. J., Dore, Cohn, Callahan and Van Yoorhis, JJ., concur.
Order unanimously reversed and motion denied.