Manuel W. Levine, J.
In this proceeding brought pursuant to section 330 of the Election Law the plaintiff requests that the court declare the election of defendants to the Executive Committee of the Nassau County Conservative Committee on August 26, 1968 void, and further for an order granting a temporary injunction restraining defendants from taking any action in the name of said committee.
The facts essential to a determination are: the plaintiff duly called a meeting of the Nassau County Conservative Committee to be held on July 8, 1968, pursuant to section 15 of the Election Law. This meeting was adjourned to reconvene on call of the Chairman after a dispute over the use of proxies. Thereafter, the Chairman, plaintiff, on or about August 15, 1968, sent out a notice to reconvene on August 26, 1968, incorporating therein a statement, “ You may attend in person or by proxy.” An action, Madden v. Marrin, was brought to enjoin the use of proxies when the meeting reconvened and a temporary injunction was granted by a short-form order dated August 23, 1968, and entered August 26, 1968, in the County Clerk’s office. Thereupon, acting on information, plaintiff sent out night letters to the members of the committee on or about August 26, 1968, and affixed to the door of the meeting place a notice that the meeting was canceled. This was removed by one of the defendants who rented the meeting place in his own name. There is hearsay evidence that some of these were not sent until after Augus 26, 1968, and a few (five) telegrams, annexed to what is entitled affirmation in opposition and made by the attorney for defendants, showing that four of them were received after the meeting and apparently dispatched by the company after the meeting was scheduled. There are 1,550 members of the County Committee. A meeting was held on August 26, 1968 at which 270 committeemen were present. At this meeting a motion was made and seconded that Robert’s Rules of Order be adopted as rules of the committee, pending adoption of formal by-laws. It appears said motion was adopted, despite the fact that there were rules and regulations which had been adopted on July 12, 1966. Maxwell H. Phillips is not an enrolled Conservative but is enrolled as a Republican. *646 The records of the Board of Elections show that Mr. Phillips enrolled in 1955 as a Republican, changed to a Democrat on June 30, 1960, and in 1964 to a Republican. The board advised that Mr. Phillips has filed a probable change but it may not be observed until 10 days after election. This possible change would be effective for 1969. He was elected Chairman of the committee at this meeting and his codefendants elected as other officers.
It is noted that the papers submitted do not follow the proper format. The petition does not have numbered paragraphs. There is no answer to the petition but rather an affirmation by counsel. However, in view of the time element involved, the court overlooks the deficiencies.
Subdivision 1 of section 15 of the Election Law requires that the officers of the County Committee be enrolled voters of the party. Even assuming the meeting of August 26, 1968, was lawful, this requirement voided the alleged election of Mr. Phillips, and in view of the fact that no new Chairman was elected, plaintiff, an enrolled Conservative, continues as Chairman until a successor is duly elected (Election Law, § 15; Matter of Greenberg v. Cohen, 173 Misc. 372, affd. 258 App. Div. 1039). Consequently, plaintiff is a proper party under section 330 of the Election Law.
The Rules and Regulations of the Nassau County Committee of the Conservative party of New York State, adopted July 12, 1966, were still in full force and effect on August 26, 1968 (Matter of Ryan v. Grimm, 22 A D 2d 171; Election Law, § 15, subd. 2; Rules and Reg. of Nassau County Committee of Conservative Party of N. Y. State, art. VIII).
At the meeting conducted on August 26, 1968, only 270 committeemen were present out of 1,550. The Rules and Regulations of the Nassau County Committee of the Conservative Party of New York State, adopted July 12, 1966, provide in section 4 of article V as follows: “ Section 4 — Quorums — Subsequent to the initial organizing meeting, a quorum of the County Committee and of all subcommittees thereof, shall consist of 50% of the whole membership of any such committee and unless otherwise provided by law, may transact the business of the County Committee or any subcommittee thereof. Less than a quorum may adjourn a meeting to another time. Proxies shall be counted in determining a quorum. ’ ’ In view of the fact that this committee was originally formed in 1964, a literal reading of this provision required the presence in person or proxy of 775 county committeemen. Therefore, at the meeting of August 26, 1968, those present could only adjourn the meeting. *647 However, if we disregard the time of the adoption of the rules and regulations and were to interpret the words ‘ ‘ initial organization meeting ” to refer only to the 1964 organization meeting, then there would be no rule as to what a quorum was and 776 county committeemen would have been necessary to conduct an election (Election Law, § 15; Matter of McGovern [Olson], 291 N. Y. 104,107). Further, at the meeting of August 26, 1968, Bobert’s Buies of Order were adopted. These rules (§ 64, p. 258) provide that where a group has a definite number of members a quorum is a majority of the members unless the by-laws provide otherwise. Consequently, the election of all the defendants on August 26,1968 was illegal and void.
In addition, we have the question of notice of the meeting. The plaintiff sent out a notice of the meeting, stating proxies would be permitted. Then an injunction against the use of proxies was obtained. The plaintiff then sent out a notice of cancellation of the meeting and posted a notice of cancellation of the meeting on the door the day of the meeting. While the latter was removed prior to the time of the meeting and the proof shows that some of the notices were received after the meeting it would seem obvious, in view of the fact that some 600 members attended the June 8, 1968 meeting and only 270 attended the August 26, 1968 meeting, that a number of committeemen were led to believe there was no meeting. Even assuming that the Chairman had no authority to cancel the meeting, this constitutes an irregularity sufficient to declare the meeting a nullity. (The right of a number of committeemen to be present and vote at this meeting was adversely affected.) The courts protect the rights of committeemen to be present and to vote at meetings of the committee (Matter of Dermody [Cohen], N. Y. L. J. Oct. 20,1941, p. 1125, col. 5 [Kings County, Wilson, J.], affd. 262 App. Div. 1041, app. dsmd. 286 N. Y. 728; see, also, Matter of Crawford, N. Y. L. J., Sept. 16, 1943, p. 565, col. 4, [Kings County, Wenzel, J.], affd. in main 266 App. Div. 921; Matter of Crawford [Cohen], 291 N. Y. 98.)
The court has jurisdiction to grant an order restraining defendants (Matter of Branch, 277 App. Div. 1018).
The court declares the election of defendants void, directs that a new meeting be held, and enjoins the defendants from taking any acts as officers of the Nassau County Committee of the Conservative Party.