Beid S. Moule, J.
Petitioner contends that prior to July 3, 1968, he was the chairman of the Fifth Ward Bepublican Committee of the City of Buffalo, and that at a meeting of the committee held on that date he was re-elected chairman. He further contends: ‘ ‘ That after said vote had been taken, but prior to the termination of said meeting, the respondent Tipple arrived at said meeting, ousted petitioner from control of the meeting, stated he was nullifying the election of petitioner, and held another election after which respondent Coston was announced to be the winner.”
Petitioner now seeks an order annulling the election of the respondent Coston, or in the alternative, directing that a new election be held.
There is no indication in the papers whether petitioner is attempting to proceed under subdivision 2 of section 330 of the *881 Election Law or article 78 of the CPLR. In this respect, the case is similar to Matter of Ryan v. Grimm (22 A D 2d 171) in that the moving papers in that case did not indicate under which section relief was sought. The Appellate Division held that the petitioners were entitled to relief under subdivision 2 of section 330 of the Election Law.
In Matter of Crawford v. Cohen (291 N. Y. 98) subdivision 2 of section 330 of the Election Law was held applicable to an organizational meeting of a county committee of a political party, and in Matter of Branch (277 App. Div. 1018) it was held applicable to a meeting for the election of officers of a ward and county committee of a political party.
Accordingly, this application shall be considered as being made under subdivision 2 of section 330 of the Election Law.
A proceeding under that section relating to the election of a candidate to a party position must be instituted within 10 days. The affidavit of service indicates that this proceeding was not instituted until August 22, approximately a month and a half after the meeting and, therefore, was not timely. Even if this proceeding had been brought under article 78, the case of Matter of Rivera v. Northrup (26 A D 2d 612, affd. 17 N Y 2d 919) indicates that by reason of CPLR 217, the shorter Statute of Limitations provided for under subdivision 2 of section 330 of the Election Law would apply rather than the four-month Statute of Limitations.
Accordingly, since the proceeding was not timely commenced, it should be dismissed.