48 N.Y.2d 625 (1979)
In the Matter of Carl H. Kahler, Respondent,
v.
Everett F. McNab et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and Gary J. Hausler et al., Appellants.
In the Matter of Patricia Giordano, Appellant,
v.
Frank Coveney et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.
Court of Appeals of the State of New York.
Argued August 29, 1979.
Decided September 4, 1979.
Warren H. Richmond, III, for appellants.
Oscar J. Bloom for respondents.
Chief Judge COOKE and Judges GABRIELLI, WACHTLER and FUCHSBERG concur; Judge JONES dissents and votes to reverse in a separate opinion in which Judges JASEN and MEYER concur.
*626 MEMORANDUM.
The order of the Appellate Division should be affirmed.
The dispute over whether it is the so-called Giordano slate or the Thomas Leirer slate of officers that should be recognized to act on behalf of the town Conservative Party obviously requires resolution. The record as it comes to us, however, leaves so unclear the nature of the differences animating the factions, the procedures that prevailed at the meeting of the town committee at which each slate was designated, and other facts relevant to an informed decision that it casts almost no illumination on the parties' claims. Furthermore, we note that, though the Appellate Division afforded the parties an opportunity to set forth their competing contentions in full at a hearing, neither side has availed itself of that forum.
Whether or not the underlying events should be accorded a presumption of regularity, certainly a relevant issue, remains unanswerable in the present context. Nor can we say whether the county executive committee, by virtue of its "general authority" over all subdivisions of the party in Suffolk (Rules and Regulations of the Suffolk County Committee of the Conservative Party, art II, § 1) was empowered in this situation to have resolved the dispute by itself choosing one slate over the other. No rule of either the town or county party expressly provides for the county executive committee to resolve internal disputes of this kind, although no doubt such a rule could have been adopted (see Election Law, § 6-108, subd 3). Neither has there been any suggestion that the county executive committee customarily exercises such power (cf. Note, Developments  Judicial Control of Actions of Private Associations, 76 Harv L Rev 983, 1026).
Thus, we find no reason to interfere with the conclusion of the courts below that, under the circumstances, "neither slate involved in these proceedings is the authorized representative of the Islip Town Conservative Party" and that, consequently, the "holdover" officers of the town committee for the time being properly continue in office as provided by the Rules and Regulations of the Town of Islip Conservative Party (art III, § 1; Matter of Greenberg v Cohen, 173 Misc 372). In so saying, we reiterate the principle that, absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect (see Election Law, §§ 2-110  2-114; *627 Matter of Torchin v Cohen, 286 N.Y. 544; Matter of Branch, 277 App Div 1018; see, generally, Note, 76 Harv L Rev 983, 994).
JONES, J. (dissenting).
We cannot agree with the disposition reached by the majority.
In view of the action of the Suffolk County Conservative Party Committee on October 13, 1978 declaring that the so-called Giordano slate of officers, including its secretary, was validly elected at a meeting of the Islip Town Committee on October 1, 1978, those officers should be recognized as the officers of the Islip Town Committee until the action of the county executive committee has been overturned or their election declared to be invalid in the courts. While an independent proceeding has been instituted to accomplish this objective, it is still pending without final resolution; a summary disposition in favor of the Leirer group was reversed by the Appellate Division on July 9, 1979 and the independent proceeding was remanded for an evidentiary hearing (Town of Islip Town Committee of Conservative Party of N. Y. State v Leo, 71 AD2d 624). In this circumstance the Giordano officers should be recognized in the proceedings now before us as entitled to file the Wilson-Pakula certificate of authorization under subdivision 3 of section 6-120 of the Election Law.
The rules of the Suffolk County Committee of the Conservative Party, adopted "for the organization and government of the Conservative Party of the County of Suffolk", grant to that committee general authority over the Conservative Party organization of the county "and every subdivision thereof" (art II, § 1). It is there provided that all committees of the party within Suffolk County are under the jurisdiction of the county committee. In view of the authority thus conferred, the county executive committee (acting on behalf of the county committee) was empowered to resolve intraparty disputes between the warring factions in the Town of Islip. The resolution adopted on October 13, 1978 declaring that the Giordano slate had been lawfully elected as officers of the Islip Town Committee on October 1, 1978 should be given recognition, at least until it has been annulled by some judicial determination following completion of the hearing in the Town of Islip case.
Aware of the differences which might arise at the October 1 town committee meeting, the county executive committee had designated representatives to attend the meeting on its behalf *628 and to report "their observations about the [meeting] and the manner in which [it] was conducted". At least in part on the basis of the report of these observers, the county executive committee unanimously and officially declared the Giordano officers, including Dianna M. Peragine as secretary, duly elected.
In our view this declaration, dealing as it did with intraparty affairs, was within the scope of the authority conferred by the Conservative Party on its county committee.[1] Thus, at least in the context of this election case when time considerations practically preclude awaiting the final judicial determination in the underlying independent proceeding,[2] we should recognize and accept the October 13, 1978 resolution as determinative. The issue is not one of "regularity" but of the effect to be accorded the determination of the county committee.
The view has often been expressed that, insofar as consistent with the clear responsibility of the courts to enforce constitutional rights and the provisions of the Election Law and other statutes and to uphold considerations of public policy as reflected in judicial decisions, internal issues arising within political parties are best left to resolution within the party organization. (See 18 NY Jur, Elections, § 95.) This principle has particular vitality when applied to Wilson-Pakula designations (Matter of Wydler v Christenfeld, 35 N.Y.2d 719).
Accordingly, we would reverse the order of the Appellate Division.
(Motion for leave to appeal granted August 29, 1979.)
Order affirmed, without costs, in a memorandum.
NOTES
[1] It might be contended that, if the challenge to the Giordano elections were based in any part on alleged violations of or failures to comply with the provisions of the Election Law or other statute, such authority of resolution should not be held to be vested in the party organization. We need not consider any such contention, however, inasmuch as all counsel have assured us that no such claims are advanced in the independent proceeding; we are told that the infirmities there asserted represent alleged noncompliance with party rules or with rules of parliamentary procedure generally.
[2] The record before us does not disclose that any order has been granted in that proceeding staying action by the Giordano officers. If such relief were desired it should have been sought and obtained in that proceeding.