## In re CLARK.

### (Supreme Court, Special Term, Erie County.)

1. ELECTIONS (§ 154*)—PRIMARY ELECTION—CERTIFICATE OF CANDIDATES—REVIEW—"PERSON AGGRIEVED."

A person who intends to run as an independent candidate for delegate to a state convention may, under Election Law (Laws 1911, c. 891) § 56, as a "person aggrieved" thereby, maintain a proceeding to review the im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proper certification of the names of others as designated by a county committee as regular candidates to be placed on the official ballot; he being at a disadvantage if their names are printed thereon as are those of regularly designated candidates, while his, under the primary law, will have to be written thereon.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol. 8, pp. 7569, 7570.]

2. ELECTIONS (§ 154*)—PRIMARY ELECTION—CERTIFICATION OF CANDIDATES—REVIEW—TIME TO COMMENCE PROCEEDING.

A proceeding under Election Law (Laws 1911, c. 891) § 56, to review the improper certification of names of persons as designated by a county committee as regular candidates for a state convention to be placed on the official primary ballot, is not too late because begun after the certificate is filed.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. ELECTIONS (§ 126*)—PRIMARY ELECTION—DESIGNATION OF CANDIDATES BY COUNTY COMMITTEE—RULES.

Designation by the county committee of a party of a person as a candidate for delegate to the state convention, to be voted for at a primary, must be made by 12 of the committee, it consisting of 22 members, whether the rule of the party be that 12 votes shall be necessary to make such a designation, or that such designation shall be made by a majority vote of all members of the committee.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

4. ELECTIONS (§ 126*)—PRIMARY ELECTIONS—DESIGNATION OF CANDIDATES BY COUNTY COMMITTEE—PROXIES—RULES.

Proxies may not vote on designation by the county committee of a party of candidates to go on the official primary ballot; one of its rules being proxies may vote on all matters and questions except the designation of a candidate for nomination, a subsequent rule that in all meetings of the committee in the transaction of its business, the election of its officers, and the making of designations for places on the primary ballot, each member or his proxy shall be entitled to one vote, and the next that all designations for party nominations shall be by a majority vote of all members of the committee.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

Petition of Seymour Clark to review action of the Orleans County Republican Committee. Order for petitioner.

Irving L'Hommedieu, for petitioner.

Thomas A. Kirby (I. S. Signor, of counsel), for respondents.

POOLEY, J. Six delegates to the Republican convention were voted for at a meeting of the Orleans County Republican Committee. Two of these received a unanimous vote, but the remaining 4, it is claimed, were not legally designated, and application is now made to prevent the names of these 4 from being printed on the official primary ballot.

The county committee is composed of 22 members, 17 of whom were present at the meeting and 2 additional were represented by

proxy, making 19 in all. On the vote for the 6 delegates to be designated, Breed and Bishop each received 17 votes, Sweet, Colburn, Kennedy, and Moore received 10 votes, and Newell, Murray, Bovanizer, and Buell each received 7 votes. The petitioner, with 5 others, has filed in the office of the commissioners of elections a petition which designates them as candidates for delegates to the state convention, to be voted for at the official primary to be held in Orleans county September 17, 1912. It is the contention of the petitioner that it is his intention to make an active canvas and that he is desirous of being elected.

On August 27th the chairman and secretary of the county committee filed a certificate with the commissioners of elections that Breed, Bishop, Sweet, Colburn, Kennedy, and Moore had been designated as candidates for delegates to the state convention on the official ballot. The petitioner contends that only 2 are entitled to this certificate according to the rules, and that the names of the remaining 4 should not be printed on the ballot; that a name printed on the ballots is a great advantage to its owner over that of any person voted for whose name must be written.

[1] This application is contested, and the respondents contend, first, that the petitioner does not come within the definition of parties who may institute this proceeding. The statute (Laws 1911, c. 891, § 56) provides that the matters therein designated "shall be reviewable by summary proceedings on the petition of any person aggrieved thereby." The primary law contemplates so-called regular nominations or designations, and in addition thereto independent candidates for the various positions. Independent candidates usually appear after the regular nominations, and because a reasonable number of electors are not satisfied with the regular nominees, or strongly prefer others, meaning in no way to reflect upon the character and standing of the others. If names appear printed on the ballot, it seems to me that there is a decided advantage, and a candidate is aggrieved if names are improperly or illegally printed on the official ballot.

[2] Another contention is that the petitioner is too late, and that this proceeding must be begun, under section 56, before the certificate is filed. The conclusion reached in Re Zimmer, 136 N. Y. Supp. 506 (July Special Term), a like proceeding in Niagara county, is applicable here, where it was held that section 56 was enacted to meet the apparent deficiencies of the old law, and to afford a summary process of arriving at a "decision and order as under all the facts and circumstances of the case justice may require." I believe the purpose of the existing law is to give the courts authority to examine all the facts and circumstances, regardless of the relative times of their occurrence.

[3] Recurring to the facts, it appears that but two candidates received the requisite vote. There are two sets of rules presented; one set claimed to have been adopted in February, and the other in August. It is unnecessary to determine which are the rules of the party, because both have the same provision relative to the vote for candidates. Those presented by the petitioner provide:

"IV. Quorum.—Twelve votes shall be necessary * * * to make designation of any candidate to be voted for at a primary."

The other set provides:

"10. Designations.—All designations for party nominations or party positions shall be made by a majority vote of all members of the Republican county committee."

Twelve votes are therefore necessary in any case. The minutes of the meeting show that the nominees designated "received a majority of all the votes cast." It does not appear from the minutes how many votes were cast; but, assuming that all voted who were present, a majority vote would not conform to the rule.

[4] The proxies for 2 absentees make affidavit that they did not vote, and were not permitted to vote, and that, if they had been permitted to vote, they would have voted for the 4 designated. The minutes of the meeting give no indication that these proxies made any attempt to assert their right to vote. If any such contention arose, it would have been passed upon by the chairman, and a record made which could be reviewed. Mr. Reed, one of the proxies, appears to have participated actively in the meeting. He nominated the chairman and secretary. These officers certify the minutes as "a complete and accurate record of the proceedings. * * *" The statement in Mr. Reed's affidavit "that deponents were not afforded an opportunity or permitted to vote upon the proxies presented and filed by them under the ruling of the chairman" is unexplained. What ruling is referred to? None appears on the minutes, and there is nothing else to indicate that any contest whatever existed regarding the rights of proxies. Moreover, it may be seriously questioned whether or not the proxies could vote legally on the designations. The rules attached to respondents' papers provide:

"5. Proxies.—Each proxy or representative may act in all matters and upon all questions, except the designation of a candidate for nomination."

Section 9 of the same rules provides:

"At all meetings of the Republican county committee of Orleans county in the transaction of its business and in the election of its officers and in the making of designations for places or positions on the primary ballot, each member of said committee or his proxy shall be entitled to one vote."

This is not in conflict with the earlier provision of section 5, just quoted, but must be construed to mean to limit the power to one vote each, on any proposition before them where those present are entitled to vote. Should there be any doubt upon it, the next section following would clear it, for section 10 provides that:

"All designations for party nominations or party positions shall be made by a majority vote of all members of the Republican county committee."

This, taken in connection with "section 5, Proxies," above quoted, would seem to indicate that proxies are not to vote on nominations and designations. The rules presented by the petitioner preclude proxies from voting on "the designation of a candidate for a place on the official primary ballot" (section 5).

The 4 names, receiving 10 votes each, are not properly designated, and cannot legally be printed on the official ballot. These men may be voted for by writing their names on the ballot, and so, also, may the petitioner; but they will neither have advantage over the other. The official ballot will therefore contain but the 2 names printed upon it, those of Breed and Bishop, and the remaining 4 places will have to be supplied by the electors writing in the names of their choice.