In the Matter of John J. Flynn et al., Petitioners, against Milton Kendall, Individually and as President of Squadron " C " Cavalry Club of Brooklyn, Inc., Respondent.

Supreme Court, Special Term, Kings County, March 15, 1949.

*Arthur H. Beyer* for petitioners.

*Walter Bruchhausen* for respondent.

BELDOCK, J. Respondent is a membership corporation duly organized under the laws of this State, whose membership is limited to veterans and military men who were or now are members of Troop " C " of the National Guard of New York, or any successor organizations of Troop " C ".

An election held on January 26, 1949, of members of the board of governors and of a nominating committee for the 1949 annual meeting is claimed to be invalid.

In this proceeding petitioners seek an adjudication that the election of a so-called " regular ticket " of members of the board of governors and of a nominating committee, which was brought about by the use of proxies, was illegal. Petitioners also seek an order declaring that the " alternate ticket " was instead duly elected.

There is no serious dispute as to the facts. At the meeting held on January 26, 1949, there were actually present in person 88 members. Pursuant to the applicable provisions of the corporation's by-laws, a " regular ticket " and an " alternate ticket " were presented for each group of officials to be elected. One hundred fifteen votes were cast in favor of the " regular ticket," which represented 41 votes of members voting in person and 74 proxy votes. Forty-seven votes were cast for the " alternate ticket," which consisted of 46 by members voting in person and 1 proxy vote. Objection was raised to the count of the proxy votes. The chairman of the meeting overruled the objection, counted the proxy votes and declared the " regular ticket " duly elected.

The issues presented for determination on this motion are whether or not proxies can be used in an election of this kind by respondent membership corporation. The by-laws of the respondent provide in section 2-a of article V: " Veteran members of the Board shall be elected at the annual meeting of the Club by the vote of the Veteran members present at the meeting."

It is urged by petitioners that the clear intendment of this section is to restrict the right to vote to those actually present in person at the meeting, and that in the absence of any by-law conferring the right to vote by proxy, the votes cast by proxy at the election meeting were illegal and void.

I find no merit to petitioners' contention. Section 41 of the Membership Corporations Law provides in part as follows: " Unless otherwise provided by law or by the by-laws, at every meeting of a membership corporation created by general or special law every member shall be entitled to one vote. * * *

all persons who appear by such books or records [namely, the books and records of the membership corporation in question] to be members *may vote in person or by proxy."* (Emphasis supplied.)

Section 19 of the General Corporation Law provides as follows: " Every member of a corporation, except a religious corporation, entitled to vote at any meeting thereof may vote by proxy."

From the foregoing, it appears that members of all membership corporations are entitled to vote by proxy by express provision of statute.

Petitioners urge in effect that the statute is permissive and that in the absence of a by-law of a membership corporation providing for the right to vote by proxy, a proxy vote is invalid (in this instance, no such by-law was adopted). This argument is untenable. Assuming, *arguendo,* that the purpose of the respondent's by-law (art. V, § 2-a, above quoted) was to prevent the use of proxies, such provision would be invalid and unenforcible, being inconsistent with the express right conferred by statute to vote by proxy (Membership Corporations Law §§ 20. 41; General Corporation Law, §§ 14, 19; *Matter of Lighthall Mfg. Co.,* 47 Hun 258). Nor does it follow that the failure to permit the use of a proxy vote at prior meetings, or the failure to include in the notice of meeting a statement that proxy votes would be accepted, established a precedent which would determine the validity of the proxy vote at the meeting of January 26, 1949. The right of a member to cast a vote in person or by proxy, specifically provided in section 41 of the Membership Corporations Law, cannot be vitiated by custom or practice.

The case of *Matter of Hart* v. *Sheridan* (168 Misc. 386), relied upon by petitioners, is inapplicable. There, the presiding officer of the Democratic County Committee for Queens County refused to recognize a proxy vote because the *rules* of the county committee did not provide for a vote by proxy. There is no indication in the reported case that the Democratic County Committee in question was incorporated under the Membership Corporations Law of our State, and apparently such committee was an unincorporated entity. In the instant case, the absolute right to vote by proxy could not be destroyed by the failure of respondent's by-laws specifically to provide therefor.

Accordingly, I find that the proxies used at the election were properly counted and that the persons designated on the " regular ticket " were duly elected.

Petition dismissed. Settle order on notice.