Henry A. Hudson, J.
This is a proceeding instituted by the petitioners, Helen Vliet, George Ambrose and Bola Emery, members of the Central New York Kennel Club, Inc., an organization incorporated under the laws of the State, for the purpose of determining the validity of an election of officers and board of directors of said club held on December 29, 1954.
A very comprehensive statement of facts in support of the application is submitted by petitioners. No supporting or opposing affidavits have been submitted by the respondents. The issue presented is whether or not proxies can be used in an election of this nature. In the instant case the by-laws of the corporation make no specific direction as to voting by proxy.
Petitioners urge that the right to vote by proxy is provided by statute under section 41 of the Membership Corporations Law which provides as follows: “ Unless otherwise provided by law or by the by-laws, at every meeting of a membership corporation created by general or special law every member shall be entitled to one vote. * * * all persons who appear by such books [the books and records of the membership corporation in question] to be members may vote in person or by proxy.” Section 19 of the General Corporation Law provides as follows: ‘‘ Every member of a corporation, except a religious corporation, entitled to vote at any meeting thereof may vote by proxy.”
*902 Respondents urge that the statute is permissive and cite the case of Matter of Hart v. Sheridan (168 Misc. 386) as authority. In a case involving the same question we have here presented Matter of Flynn v. Kendall (195 Misc. 221, 223) Justice Beldock has this to say of the argument propounded in the Hart case:
“ The case of Matter of Hart v. Sheridan (168 Misc. 386), relied upon by petitioners, is inapplicable. There, the presiding officer of the Democratic County Committee for Queens County refused to recognize a proxy vote because the rules of the county committee did not provide for a vote by proxy. There is no indication in the reported case that the Democratic County Committee in question was incorporated under the Membership Corporations Law of our State and apparently such committee was an unincorporated entity. In the instant case, the absolute right to vote by proxy could not be destroyed by the failure of respondent’s by-laws specifically to provide therefor.
‘‘ Accordingly, I find that the proxies used at the election were properly counted and that the persons designated on the ‘ regular ticket ’ were duly elected.”
I can find nothing in the brief submitted by respondents to overcome the plain intendment of the statute as expressed in section 19 of the General Corporation Law and section 41 of the Membership Corporations Law as to the right of all members to vote by proxy at any meeting. I, therefore, hold that the election of all officers and members of the board of directors at the meeting of the Central New York Kennel Club, Inc., held on December 29, 1954 at which valid proxies were held by qualified members, offered and refused to be counted by the presiding officer, was an invalid election and that any officer or member of the board of directors of said organization declared by the presiding officer, at the meeting held December 29, 1954 to be elected without the recognition and counting of proxy ballots, is not a duly elected officer or member of the board of directors of said organization.
An order in accordance with this decision may be submitted, without costs to either party.