Michael Catalano, J.
This is an application for an o.rder invalidating the election of the respondents to the party positions of chairman, vice-chairman, secretary, treasurer and sergeant at arms, respectively, of the Town of Hamburg Democratic Committee of Erie County, New York; invalidating the certificate of election filed with the headquarters of the Erie County Democratic Committee; restraining the respondents as such officers from holding any meeting of the said Town of Hamburg Democratic Committee; invalidating the meeting electing the respondents to such party positions and directing the holding of a new election meeting.
The verified petition alleges: That petitioner was elected member of the Erie County Democratic Committee at the primary election held June 7, 1960; that on June 26, 1960 a meeting was called of the Town of Hamburg Democratic Com *1098 mittee by the secretary of the Erie County Democratic Committee, pursuant to which the respondents were elected to said party positions; that on June 28, 1960, a certificate of election of such officers was executed and filed with the -Erie County Democratic Committee headquarters; that said election was. invalid because no quorum was present; that subsequent to said primary election, 27 persons were appointed Democratic committeemen of the Town of Hamburg, 5 of whom were registered Republicans and 1 of whom does not reside in the Eighth Assembly District of Erie County and 1 of whom was appointed without his knowledge and consent.
The verified answering affidavit states that on June 22, 1960, the secretary of the Erie County Democratic Committee sent notices to the 78'committeemen of the Town of Hamburg for a meeting to be held on June 26, 1960, including members of the County Committee elected at the primary election on June 7, 1960 and also 27 committeemen appointed by the executive committee of the Erie County Democratic Committee on June 22, 1960; that, without admitting that the election of the respondents was illegal, ‘ ‘ it would be best that another election be held; ’ ’ that all committeemen whether elected, appointed or chosen in any other proper way can vote in all elections of the town or county committee.
The petitioner contends that only members of the county committee elected at the primary election of June 7, 1960 may vote at the town committee organization meeting, so that the 22 affiliated Democrats elected by the executive committee may not vote thereat.
Section 17 of the Election Law, entitled “ Vacancies in state or county committees,” provides, in part: “1. In case of death, declination, disqualification, removal from district or removal from office of a member of the state or county committee, or the failure to elect a member, as by reason of a tie vote, the vacancy created thereby shall be filled by the remaining members of the committee by the selection of an enrolled voter of the party qualified for election from the unit of representation as to which such vacancy shall have occurred.”
The party rules of the Democratic County Committee of Erie County provide in section 11 of article I in part: “At the organization meeting and at subsequent meetings, so far as applicable, the following order of business shall be observed * * * 2. Filling of vacancies.”
By oral stipulation in open court, the parties agreed that the county committee, at its organization meeting of June 15, 1960, *1099 duly passed a resolution authorizing the executive committee to fill all vacancies.
Said party rules, section 4 of article II, provide: ‘ ‘ The Executive Committee shall at all times when the County Committee is not actually in session have such powers and possess and 'exercise all the rights, privileges, powers and duties which the said County Committee may have, possess, and exercise.”
The petitioner contends that the words ‘‘ the failure to elect a member, as by reason of a tie vote ” stated in subdivision 1 of section 17 of the Election Law means “ the failure to elect a member because of a tie vote.” It is true that the English dictionaries define the word “ as ” in many ways including “ because ”, nevertheless, in this case the clear meaning is “ for instance; by way of example.” (Webster’s New International Dictionary [2d ed.].) Thus, the word “as” herein does not limit the words £ 1 the failure to elect a member. ’ ’
Therefore, as to the 22 affiliated Democrats elected by the executive committee, no question arises as to “ hold-over committeemen ” whose positions they properly fill.
Petitioner contends that these 22 committeemen cannot vote at an organization meeting of the town committee because they wore not elected at the primary election of June 7, 1960.
Section 2 of the Election Law, entitled “Definitions,” provides, in part:
‘1 9. The term 1 party officer ’ means one who holds any party position or any party office whether by election, appointment or otherwise.” (Emphasis supplied.)
. “10. The term ‘ committee ’ means any committee chosen, in accordance with the provisions of this chapter, to represent the members of a party in any political unit.” (Emphasis supplied.)
It follows that these 22 committeemen were authorized to vote at the town organization meeting whether elected, appointed, or chosen by the executive committee at a time when the county committee was not “ actually in session.” u
The respondents’ answer states “ that since so many questions have been raised as to the legality of the meeting that in order to dispel any notion of unfairness, or that the first election was decided improperly, that it would be best that another election be held.” This court commends the spirit of this recommendation and agrees with it.
Section 15 of the Election Law entitled ‘£ Organization and rules of committees,” provides, in part: “2.Each committee [referring to State and County committees] may prepare rules for the government of the party within its political subdivision ’ ’.
*1100 Such rules adopted by the county committee are valid unless they are expressly prohibited by statute. (Blaikie v. Knott, 277 App. Div. 461, 463.) The Legislature has provided in section 13 of the Election Law for the election of members of the county committee at the primary election, but this applies only to the first instance; thereafter, it has been left to the county committee to enact rules for the filling of vacancies under the common law. (People ex rel. Proctor v. Kings County Republican Gen. Comm., 63 App. Div. 438, 441, affd. 168 N. Y. 639.) These rules may provide that the executive committee of the county committee may fill vacancies when the county committee is not actually in session. Therefore, section 4 of article II of the party rules above quoted is valid.
There has been a failure of proof in this case, because the petitioner has failed to present any affidavits, sworn testimony or other competent, legal evidence to support the allegations in the petition.
The motion is denied without prejudice to the commencement of another proceeding that may be properly instituted, if any. No costs. Prepare and submit order accordingly.