Morris Sliekiw, J.
These are proceedings brought pursuant to section 330 of the Election Law. Each of the petitioners claims to have been duly elected chairman of the Orange County Conservative Party; each seeks a declaration respecting the invalidity of the other’s claim, and injunctive relief prohibiting the other from acting on behalf of the executive committee of said party.
The court will treat these matters as consolidated petitions for the purpose of orderly disposition.
The record reveals that there are 196 election districts in Orange County, from, which 62 Conservative Party county committeemen have been duly elected at a primary held June 23, 1970.
It appears that the county committee was not legally constituted pursuant to section 12 of the Election Law. That section mandates: “ The county committee of each party shall be constituted by the election in each election district within such county of at least two members ” (Election Law, § 12, suhd. 1; emphasis added). Notwithstanding the above, the minimum number of committeemen required to be elected to form a legally viable committee could not be less than ‘1 twenty-five per centum of the committeemen required to be elected in such county, as provided in subdivision one of this section” (Election Law, § 12, subd. 2).
Applying the law thus expressed to the matter at bar, the Orange County Conservative Party committee needed a minimum of 98 elected members (196 election districts; 2 committeemen per each district required 392 members, 25% of which are 98 members). Here, there were but 62 committeemen duly elected, 36 short of the minimum requirement. It follows, then, that the proceedings held by both the so-called county committees to elect a slate of officers representing it were, of necessity, null and void (Newman v. Millspaugh, 9 A D 2d 715, affd. 7 N Y 2d 756; De Casare v. Fisher, 11 A D 2d 750; Duryea v. McNab, 232 N. Y. S. 2d 462, affd. 17 A D 2d 713; 1 Gassman, Election Law [2d ed.], § 3).
*652 The case of Matter of Licitra (10 A D 2d 996, 997, affd. 8 N Y 2d 871) does not, in my view, require a different holding. There, it was held that the executive committee of the party, not a statutory body, was ‘1 free to include among its personnel, officers of its county committee even though the latter committee, as such, was not legally constituted The county committee, however, is the creature of statute and, to come into being, must comply with the statutory requirements. (Election Law, § 14.)
It is suggested that vacancies in the committee could be filled, in accordance with the party’s rules and regulations, “ at any meeting of the County Committee ” (Rules and Regulations of the Orange County Committee of the Conservative Party of the State of New York, art. II, § 2).
The court opines that a fair construction of the term “ vacancy ” must presuppose the existence of a legally constituted body. Reading subdivision 1 of section 17 of the Election Law, it is clear that the vacancies there described apply to the disqualification or inability to serve, for any reason, of a duly elected committeeman and the vacancy created thereby. Absent election at the primary of the minimum required number of committeemen for the county, the insufficient number so elected cannot ‘ ‘ fill vacancies ’ ’ to remedy the deficiency and supply the required minimal number by, in effect, lifting itself by its own bootstraps.
At bar, there were no vacancies that could properly be filled by committee action, since there was no legally constituted committee at the close of the primary election. The minimum number of committeemen were not elected as required by the mandate of section 12 of the Election Law.
In so holding, I am mindful of the decision in Matter of Podkulski v. Strasser (26 Misc 2d 1097, 1099) in which subdivision 1 of section 17 of the Election Law was construed to grant to the less than minimal number of elected committeemen, the power to supplement that number by “ filling vacancies ”. The court reached this determination by granting an apparently unlimited power to fill vacancies by disposing, through interpretation, of that language of the statute which seemed to limit the power to fill vacancies. Implicit in the statutory pattern of political organization and power set forth in article 2 of the Election Law is the necessity of meeting the minimal requirements of the statute in order to have in existence a viable political body empowered to carry out and discharge the powers and duties therein set forth. (Cf. Matter of Leibell v. Barnes, 36 Misc 2d 751.)
*653 It is unnecessary to consider the further contentions raised by the respective petitioners. Accordingly, these petitions are dismissed.
The court notes that the delay in rendering this decision was occasioned by the delay- of counsel in furnishing appropriate documents and legal memoranda.