Guy A. Graves, J.
The petitioner has brought this proceeding to have an organizational meeting of the Twelfth Ward Democratic committee held on September 19, 1975 be declared null and void.
The facts giving rise to this proceeding are undisputed. At the organizational meeting of said ward committee, the respondent Walter E. Lewis was elected president by a one vote plurality by voting in his favor the proxy of one Fred Schnapp an incumbent who was tied in his bid for re-election to the office of committeeman with his opponent. On September 9, 1975, a primary was held and three persons sought the two positions of committeemen for the Tenth District of the Twelfth Ward. One party received a total of 27 and was elected to fill one of the two positions. The second number of highest votes was 25, and two parties received the same total which resulted in a tie.
At the organizational meeting, the petitioner who was also nominated for president of the Twelfth Ward committee, requested a ruling that the tie vote created a vacancy and that the proxy of said Fred Schnapp was invalid. The vote was 11 to 10, and the deciding vote was the proxy of Mr. Schnapp which was voted by the respondent in his own favor.
The question presented is whether a tie vote for committeemen as the result of a primary allows the prior incumbent *672 committeeman to continue until his successor is chosen by the county committee or whether a vacancy is immediately created by virtue of the tie vote.
The president respondent of the Twelfth Ward Democratic committee ruled that in view of the tie vote, neither committeeman was elected and that by virtue of section 13 of the Election Law of the State of New York which provides "The members of both committees [State and county] shall hold office until the election of their successors”, the incumbent committeeman continued to remain in office until the county committee reappoints or replaces a committee member who was involved in a tie vote.
The petitioner, however, contends that a vacancy is immediately created by a tie vote in that section 17 reads, in part, as follows: "In case of the death, declination, disqualification, removal from district or removal from office of a member of the state or county committee, or the failure to elect a member, as by reason of a tie vote, the vacancy created thereby shall be filled by the remaining members of the committee by the selection of an enrolled voter of the party qualified for election from the unit of representation as to which such vacancy shall have occurred.”
It is obvious that the respondent’s interpretation would require that an incumbent committeeman involved in a tie vote would be permitted to act as committeeman until the county committee appointed a successor. The petitioner, on the other hand, contends a tie vote immediately creates a vacancy and that neither the incumbent committeeman nor the other tying candidate is entitled to act as committeeman in any manner.
An examination of the cited cases by both parties fails to reveal any case directly in point. The cases of Matter of Hammer v Curran (203 Misc 417), Hart v Sheridan (168 Misc 386) and Matter of Podkulski v Strasser (26 Misc 2d 1097) involved (1) an attempted restriction upon the election laws by the State of New York rules of a county committee; (2) the removal from an election district by a committeeman; and (3) the appointment of committeemen by an executive committee of a county committee by virtue of party rule.
Sections 13 and 17 of the Election Law must be read together and given their full meaning. Section 13 states that members of a State or county committee, "shall hold office until the election of their successors.” However, in the event *673 of the occurrence of one of the enumerated events such as the "death, declination, disqualification, removal from district or removal from office of a member of the state or county committee, or the failure to elect a member, as by reason of a tie vote,” a vacancy created thereby shall be filled by the remaining county committee. Whether an incumbent or a nonincumbent is involved should not affect the result since the position argued for under the present state of facts would give greater rights to a nonelected incumbent than his adversary. If this argument was pressed to its logical conclusion, it would result in an anomalous situation. For example, if in this instance the person seeking election as committeeman for the first time received the highest number of votes and was considered elected and the two incumbent committeemen tied for the second vacant position, it could not be logically argued that both of said incumbents were to hold office until their successor was chosen. The fallacy of such an argument is readily obvious. The only reasonable and logical interpretation of section 17 of the Election Law is to read it in conjunction with section 13, that is, that a tie vote creates an immediate vacancy to be filled by the county committee and that section 13 of the Election Law contemplates a committeeman holding office until the election of a successor at the polls or upon occurrence of one of the events specified in section 17.
Since this appears to be a case of first impression, the court can readily understand that reasonable people can apply different interpretations to the numerous complex provisions of the Election Law. However, the result reached here gives full meaning to each and every provision of the Election Law and eliminates the possibility, of any anomalous result.
The petitioner’s application is granted, without costs.