PEOPLE ex rel. TRAYER v. LAUTERBACH et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

CERTIORARI—WHEN LIES—DECISION OF POLITICAL ORGANIZATION.
    Certiorari will not lie to review the decision of a political organization as to the election of its officers pursuant to the provisions of its constitution, as such organization is not a judicial body.

Certiorari by Edward P. Trayer to review the determination of Edward Lauterbach and others, composing the Republican county committee for the city and county of New York, in setting aside the election of relator as chairman of the Republican association of the Seventh election district of the Thirty-First assembly district in said city. Dismissed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William C. Reddy, for relator.
Henry L. Scheuerman, for respondents.

INGRAHAM, J. The relator in this proceeding seeks to review the action of the general committee of the Republican party, known

as the "Republican County Committee of the City and County of New York," in determining that one Robert J. Cromie was elected chairman of the Republican association of the Seventh election district of the Thirty-First assembly district, instead of the relator.

The Republican county committee of New York city and county is the recognized Republican organization of the city and county of New York, and it has determined that Cromie was duly elected chairman of the Republican association for the election district named. We do not think that the proceeding of this body can be reviewed by certiorari. By section 2120 of the Code, it is provided that a writ of certiorari is issued to review the determination of a body or officer only in one of the following cases:

(1) "Where the right to the writ is expressly conferred, or the issue thereof is expressly authorized, by a statute. (2) Where the writ may be issued at common law, by a court of general jurisdiction, and the right to the writ, or the power of the court to issue it, is not expressly taken away by a statute."

At common law a writ of certiorari lies only to inferior courts and officers exercising judicial functions, and the act to be reviewed must be judicial in its nature, and not ministerial or legislative. See 3 Am. & Eng. Enc. Law, p. 67. See, also, Stone v. Mayor, etc., 25 Wend. 167, where the rule is stated:

"A certiorari lies upon all final adjudications of an inferior court or officer. invested by the legislature with power to decide on the property or rights of the citizen, and which court or officer acts in a summary way, or in a new course different from the common law."

It is not claimed that this political association is acting under any statutory authority in determining the validity of elections at the primaries held under its directions. The election law of this state prescribes certain rules and regulations for the holding of primary elections. See article 3, c. 680, Laws 1892. And the law makes certain corrupt practices at political caucuses and conventions a misdemeanor. See chapter 721, Laws 1895. But none of the provisions of these statutes constitutes a county committee a judicial officer or body, authorized by law to hear or determine any question of fact submitted to it, that requires this court to review their determination in this proceeding. The county committee has determined, upon evidence satisfactory to itself, that the relator was not elected chairman of this association. Article 8 of the constitution of the county committee provides that all contests as to the election of election district officers or of members to the campaign committees shall be investigated by the committee on appeals and shall be decided by the county committee. The election in question was duly investigated by the committee on appeals and was decided by the county committee, and in this proceeding we have no power to review that determination.

The proceeding must therefore be dismissed, with $50 costs. All concur.