(63 App. Div. 438.)

PEOPLE ex rel. PROCTOR v. KINGS COUNTY REPUBLICAN GENERAL
COMMITTEE et al.

(Supreme Court, Appellate Division, Second Department.  July 25, 1901.)

ELECTIONS—POLITICAL PARTIES—COMMITTEES—VACANCY—FILLING.
Under Primary Election Law (Laws 1898, c. 179, as amended by Laws
1899, c. 473) § 4, subd. 1, providing that a certain day shall be known as
"Annual Primary Day," on which each party shall hold primary elec-
tions for the purpose of electing all committeemen who are to be chosen
at primary election, and not at convention; and section 9, subd. 1, pro-
viding that all members of general committees chosen for a city of the
first class shall be elected at the primary election on the annual primary
day,—a vacancy in a general county committee may be filled by a majority
vote of the sitting delegates from the assembly district in whose delega-
tion such vacancy occurred, ratified by the county committee, as pre-
scribed by the rules and regulations of the party in the county, instead
of through the suffrages of the members of the party, exercised at the
primary election on the annual primary day.

Appeal from special term, Kings county.

Proceeding by the people, on the complaint of Albert W. S. Proctor, against the Kings county Republican general committee and George F. Elliott, to review the action of the committee in enrolling the name of George F. Elliott as a member of the committee, and declaring and recognizing him as a member. From an order dismissing the proceeding, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles Bradshaw, for the People.

Henry Escher, Jr. (George F. Elliott, on the brief), for respondents.

SEWELL, J.    A member of the Kings county Republican general committee resigned. His resignation was accepted, and thereupon a majority of the sitting delegates from the assembly district in whose delegation such vacancy occurred, by a majority vote, selected George F. Elliott to fill the vacancy for the unexpired term, and that selection was ratified by the county committee. There is no expressed provision in the primary election law (chapter 179, Laws 1898, as amended by chapter 473, Laws 1899) for filling a vacancy that may occur in a general or other committee, intermediate the happenings thereof and the next primary election day, nor is there any specific provision denying to the committee the power of filling vacancies. The only provisions in regard to the election or choosing of members of the committee are contained in section 4, subd. 1, and section 9, subd. 1, of the act. The former provides that the seventh Tuesday before the day of general election of each year shall be known as "Annual Primary Day," and in all cities and villages to which this act is applicable each party shall on said day hold primary election, for the purpose, among others, of electing all committeemen who are to be chosen at primary election, and not at convention. The other provides that all members of general committees chosen in or for a city of the first class shall be elected at the primary elections on the annual primary day in the month of September of each year, and that the members of the committee should then meet, organize, and proceed to make rules and regulations. Subdivision 2 of the same section provides that these rules and regulations shall not be contrary to, or inconsistent with, this act or any other law, and shall not be amended except upon reasonable notice. The relator concedes that the vacancy was filled pursuant to article 5 of section 1 of the rules and regulations made and adopted by the Republican party of Kings county, but insists that so much thereof as provides that a vacancy can be filled in any way other than through the suffrages of the members of the party, exercised at the primary election on the annual primary day, is void, in that it is contrary to and inconsistent with the provisions of the primary election law.

If any doubt could be entertained in regard to the right of a board, association, or officer to fill a vacancy in an elective office by appointment until the next election, it would be removed by a reference to section 5, art. 10, of the constitution, which, in express terms,

71 N.Y.S.—34

empowers the legislature to provide for filling vacancies, and provides that, in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than to the commencement of the political year next succeeding the first annual election after the happening of the vacancy. Throop, Pub. Off. § 432; People v. Keeler, 17 N. Y. 370. No inference can properly be drawn from the fact that the primary election law does not in terms provide for filling a vacancy that the rule and regulation of the Kings county Republican general committee, prescribing the method of filling vacancies, is contrary to or inconsistent with any provision of that statute. All corporations and voluntary associations have a power, necessarily implied, of admitting members in the place of such as are removed by death or otherwise (Ang. & A. Corp. § 110), and the same reason exists for assuming that under the common law a general committee of a political party has the same power, unless the statute has denied it.

There is no force in the contention that the provision for holding unofficial primary elections at the expense of the party holding them requires every vacancy in a committee to be filled by an election thereat. The purpose of an unofficial primary election is not declared by the statute, except that it shall be subject to the rules and regulations of such party. It may have been intended, among other things, for the purpose of nominating, or electing delegates to nominate, a candidate for a vacancy in an elective office to be filled at a special election, pursuant to section 4, c. 909, of the Laws of 1896, known as the "Election Law." In such a case, the candidates must be nominated or the delegates elected on a day other than the annual primary day. However this may be, while it is true that a member of a committee may be elected at an unofficial primary election to fill a vacancy, if the rules and regulations of the party so provide, it is equally true that there is no provision of the primary election law, or any other law, which in terms or by implication requires it.

The counsel for the relator is driven to assume the position that a vacancy cannot be filled during the interval of time between the death or resignation of a member of the committee and the election of members at the primary election on the next annual primary day; for, if the statute is imperative in requiring an election of a member under all circumstances, it is equally imperative in requiring him to be elected "at the primary elections on the annual primary day in the month of September." The language of the statute is not that the office shall be filled by election in every possible case, but is that "all members of general committees, and assembly districts and ward committees, chosen in or from cities of the first class, except as otherwise herein provided, shall be elected at the primary elections, on the annual primary day in the month of September of each year." We believe that the true and obvious intention of the legislature was to provide for the election of all members of committees in the first instance, and to leave it to the committees to enact some rule or regulation for filling any vacancy that shall exist or occur in the committee, or to exercise that power under the common law.

This case differs from the case of People v. Committee, 164 N. Y. 335, 58 N. E. 124, 51 L. R. A. 674, cited by the relator, where a member of a general committee was removed from office as a member of such committee by the committee itself. The mere fact that a committee, board, or association cannot remove one of its members is no reason why either of them may not fill a vacancy that may have occurred from a cause not under its control. The right to remove an officer has never been held to be the test of the right to fill a vacancy created by his resignation. There is no reason, rule of construction, or precedent which requires us to construe the primary election law as denying to the members of the Kings county Republican general committee the right to make and adopt the rule in question; and we entertain no doubt that, independent of the statute and the rule, they possessed inherent power to fill the vacancy.

For these reasons, the order of the special term should be affirmed, with $10 costs and disbursements. All concur.