In the Matter of the Application of JAMES M. MEAD and Others,
Claiming to Be the Duly Elected, Qualified and Acting Officers
of the Democratic County Committee of Erie County, for a
Final Order Declaring upon Their Rights and Compelling
Delivery to Them of the Property and Effects of Said County
Committee.
——————— NAYLON and Others, Respondents.

Fourth Department, June 28, 1927.

Elections — political committees — meeting of county committee of
political party can consider such questions only as are included in
call — where special meeting can be called only by chairman, meeting
otherwise called is illegal and action thereat invalid.

A county committee of a political organization can consider at a meeting only
such questions as are incorporated in the call for the meeting. Accordingly,
where a meeting is called to adopt resolutions recommending the appointment
of a person for the office of commissioner of elections, the county committee
has no power to elect officers or to declare offices filled at a previous meeting
to be vacant, and if such action is taken it is illegal and void.

Where the rules of a county committee provide that a special meeting can be
called only by the chairman, a meeting otherwise called is illegal and any action
taken thereat is void.

APPEAL by the petitioners, James M. Mead and others, from an
order of the Supreme Court, made at the Erie Special Term and
entered in the office of the clerk of the county of Erie on the ——
day of ———, 192—, pursuant to stipulation of the parties treated
as a submission of a controversy upon an agreed statement of facts
under section 546 of the Civil Practice Act.

——————— ———————, for the petitioners.

——————— ———————, for the respondents.

PER CURIAM. In view of the stipulation of the parties to this
proceeding to the effect that the appeal may be determined by
us as though it were an original submission of a controversy, we
have decided to consider the matter on the merits. This stipulation
was not before the Special Term. On the papers which were
before the Special Term we do not disagree with the conclusion
there reached.

We are of the opinion that the first meeting of the county com-
mittee, held December 8, 1926, having been called for a definite
purpose, viz., " of adopting a resolution recommending the appoint-
ment of a person for the office of Commissioner of Elections of Erie
county pursuant to section 31 of the Election Law," was without

power to act upon any subject other than the one named in the call for the meeting. For this reason it was beyond the power of the committee at this meeting to elect officers or to declare offices filled by election at previous meetings vacant. The previously elected officers of the committee, who are the respondents in this proceeding and on this appeal, therefore, continued to be the officers of the committee after the meeting of December 8, 1926.

The second meeting, held March 1, 1927, was not called by Naylon, who was then the chairman of the county committee. Under the rules of the county committee, the chairman was required to call a special meeting of the committee upon the written request of one-third of the members of the committee, but the chairman is the only person authorized to issue the call. The meeting of March 1, 1927, attended by many members of the committee, was, therefore, not convened in accordance with the rules and no valid action of the committee could be taken at such meeting.

The conclusion follows that the respondents in this proceeding and on this appeal, Naylon, Hoen and Dethloff, are respectively the chairman, secretary and treasurer of the county committee.

All concur. Present — HUBBS, P. J., CLARK, SEARS and SAWYER, JJ.

Appeal treated by stipulation as a submitted controversy determined in favor of the respondents, without costs.