S. Pelham Thayer, Individually and as a Member of the Republican County Committee of Westchester County, in Behalf of Himself and Other Electors and Other Committeemen Similarly Situated, Plaintiff, *v.* Edward J. Ganter, Individually and as a Purported President or Chairman of the Yonkers Republican City Committee, an Unincorporated Association Authorized under the Election Law, and Charles H. Griffiths, as President or Chairman of the Republican County Committee of the County of Westchester, an Unincorporated Association Authorized under the Provisions of the Election Law, Defendants.

Supreme Court, Special Term, Westchester County, July 3, 1940.

*William B. Levet*, for the plaintiff.

*Philip J. O'Brien* [*Vincent C. DeCarlo* of counsel], for the defendant Edward J. Ganter.

*Walter W. Westall* [*James E. Jones* of counsel], for the defendant Charles H. Griffiths.

WITSCHIEF, J. In this action for a declaratory judgment, the parties have stipulated that the case be disposed of as on a motion for summary judgment, the pleadings and affidavits to afford the basis for all facts found. As there is little, if any, dispute as to the facts, no trial is necessary. No claim is made that the action is not properly brought for a declaratory judgment. The questions to be decided are as follows:

1. The composition of, and voting rights in, the Westchester Republican county committee, and the subcommittees of the county committee.

2. The composition of, and voting rights in, the Republican city committee of the city of Yonkers, and the subcommittees of the city committee.

Section 12 of the Election Law provides that the county committee of each party shall consist of two members elected in each election district, or of two members elected in each election district and such additional members proportional to the last party vote for Governor in such district, as the rules of the party or a statement filed pursuant to section 18 of the Election Law may provide. If only two members from each district are provided for, section 12

gives each member a voting power in proportion to such party vote. The Election Law also provides that the officers of the county committee must be enrolled voters of the party but need not be members of such committee. The statute does not state whether officers who are not committeemen shall have a vote in meetings of the county committee and if this were a case of first impression it would be held that they had none, since the evident intent of the statute is to place the party control in the hands of elected party representatives. In *Theofel* v. *Butler* (134 Misc. 259; affd., 227 App. Div. 626) it is stated that officers of the county committee who are not elected committeemen are nevertheless admitted to membership in that body by virtue of their election as officers of the committee. If they are members of the county committee, they must be entitled to vote in meetings of the county committee, and it will be so adjudged.

There are 385 election districts in Westchester county, so that, on the basis of two members from each district, the county committee has a minimum membership of 770. On the basis of additional members proportional to the party vote, the committee would be of an impossible number. A certificate was filed pursuant to section 18 and the county committee consists of 770 members. In each meeting of the county committee, therefore, each member has a voting power in proportion to the last party vote for Governor in his district, and the judgment to be entered will so declare. Except in rare instances, it should not be necessary to invoke this right, and there is little use of invoking it unless it is necessary. The statute (Election Law, § 14) provides that all committees, other than State and county committees, shall be formed in the manner provided for by the rules of the party. The rules of the county committee (Art. II, § 4) provide for an executive committee, the composition of which is such that the entire executive committee may consist of others than duly elected committeemen. The stipulation states that there are thirty members of the present executive committee, only thirteen of whom are committeemen. The rules of the county committee confer upon the executive committee various powers, amongst others the power to fill any vacancy caused by the death or resignation of any officer of the county committee, to assign duties to other committees and officers, and to approve rules of other committees, but are silent as to the power of the executive committee to act generally for the county committee between sessions of the county committee. It is alleged in paragraph 78 of the complaint, and is not denied in the answer, that, between meetings of the county committee, the executive committee conducts the party business and affairs. The purpose

of the statutory provision for a party county committee is to insure the party management in the county by elected representatives of the party. This purpose may not be evaded by the creation of an executive committee consisting of others than elected representatives of the party and the delegation to such committee of the conduct of the party business and affairs. All provisions of the rules to the contrary are illegal and void. (*Theofel* v. *Butler*, 134 Misc. 259; affd., 227 App. Div. 626.) Committees which are advisory, or which formulate plans and suggestions for the consideration of, and adoption by, the county committee, but which have no real powers, need not consist wholly, or even in part, of elected party representatives. That is not to say that an executive committee of the county committee may not be appointed at all. It is not practicable to hold frequent meetings of a committee composed of 770 persons, and an executive committee named by the elected party representatives from among their number would be entirely legal, and it will be so adjudged. Since the statute authorizes the election as officers of the county committee of persons who are not elected committeemen, so also the rules may legally provide that the officers of the executive committee need not be elected committeemen, and in view of the ruling in *Theofel* v. *Butler* (*supra*) and the affirmance of that ruling by the Appellate Division, it will be held that the officers of the executive committee are members of that committee and may vote in meetings of the committee. The rules of the Republican party in Westchester county (Art. IV, § 1) also provide that a city committee shall consist of the county committeemen from the election districts in the city. The rules could have provided for city committees composed of others than county committeemen. Instead, they make the committeemen in the smaller units the party committee in such units. In the city committee each member is a city committeeman, not a county committeeman. Neither the Election Law nor the rules provide for proportional voting in a city committee. In the absence of such provision, the general rule prevails that each member shall have one vote, and it will be so adjudged. The same ruling will be made as to the executive committees of both the county and city committees. Since there is no statutory requirement that a city committee shall consist of elected party representatives, it follows that the Yonkers Republican city committee and its subcommittees may legally consist of others than county committeemen. It is alleged in paragraph 101 of the complaint, and is not denied, that the duly elected chairman of the Yonkers Republican city committee assumes to be entitled to vote in the meetings of the county committee although not a committeeman, and the answer of the defend-

ant chairman of the county committee denies the allegation in the complaint that such chairman of the city committee is not a member of the county committee. The Election Law provides who shall compose the county committee, and it will be adjudged that a city chairman, who is not a county committeeman, is not a member of the county committee and may not vote in meetings of that committee. Specific provision is found in the rules of the county committee that an officer of a city committee need not be a committeeman. The defendant Ganter was, therefore, legally elected chairman of the Yonkers city committee. Settle findings and judgment on notice.