In the Matter of JOHN W. JONES et al., Petitioners, against ROBERT J. MALONE, Respondent.

Supreme Court, Special Term, Nassau County, December 21, 1950.

*Davis, Vickers & Hargrave* for petitioners.

*Henry Schantz* for respondent.

COLDEN, J. Petitioners, twelve members of the county committee for the town of Smithtown, County of Suffolk, have instituted this proceeding under article 78 of the Civil Practice Act to review and annul the determinations, namely, the election of an executive member and other officers, made at a meeting of the Democratic committee of said town held on September 1, 1950, and to direct and compel the respondent

Robert J. Malone, last executive member and the executive member elected at said meeting, to recall and reconvene that meeting in the manner required by the Rules and Regulations of the Suffolk County Democratic Committee (art. IV, § 2), namely, upon proper and timely notice to those therein specified.

Respondent challenges the jurisdiction of this court to grant relief herein, purporting to appear specially for that purpose. He has, however, made a general appearance, first, because his jurisdictional challenge is not to the person but to the subject matter (*Jackson* v. *National Grange Mut. Liability Co.*, 299 N. Y. 333), and, second, because he has combined his jurisdictional objection, even if it be to the person, with objections to the merits (*Ratkowsky* v. *Ratkowsky*, 272 App. Div. 775).

Petitioners' grievance is that notice of the meeting called by the respondent on September 1, 1950, was not given in the manner required by the rules and regulations of the county committee, specifically, as required by section 2 of article IV. It is therein provided: " Within thirty (30) days after the official primary election to which the members of the county committee are elected, the town executive member of each town then in office shall call a meeting of the members of the county committee representing the districts within said town by giving to each such member three days' written notice by mail of the time and place of such meeting, which notice shall be addressed to each member at the address contained on the designating petition on file in the office of the Board of Elections by which such member was nominated for the position. A copy of such notice shall in like manner be sent to the county chairman."

Petitioners' main objections to the manner in which the meeting of September 1, 1950, was called are as follows: (1) the first notice of meeting was unsigned, (2) the second, signed notice of meeting, was not given on three days' notice, (3) the notices were improperly addressed, and (4) the only notice to the county chairman was postmarked September 1, 1950, the day of the meeting, at 6:00 P.M., and was not received by him until two days thereafter. Both petitioners' request and the request of the chairman of the county committee to respondent to adjourn the meeting were denied.

Respondent does not seriously dispute the accuracy of those objections, but maintains (1) that this court has no jurisdiction to grant relief herein either under subdivision 2 of section 330 of the Election Law or article 78 of the Civil Practice Act, (2) that a notice need not be signed to comply with the com-

mittee rule, (3) that in any event petitioners had actual notice of the meeting, (4) that if petitioners had attended the meeting, their combined voting strength would not have affected the result, and (5) that failure to give proper notice to the county chairman was a mere irregularity.

As to the jurisdictional objection raised by the respondent, the court agrees only with respect to section 330 of the Election Law. A proceeding in the nature of mandamus under article 78 of the Civil Practice Act, however, will lie. (Cf. *Matter of Fox* v. *Cohen*, 262 App. Div. 1028; see *Balter* v. *Cohen*, 50 N. Y. S. 2d 526, 528, and Third Annual Report of N. Y. Judicial Council, 1937, pp. 134–135.) Section 14 of the Election Law provides that: " All committees other than state and county committees shall be formed in the manner provided for by the rules of the party." Implicit in that authorization is the requirement that a committee *formed* according to such rules shall also be *conducted* in accordance therewith, and violation of such rules is as much within the jurisdiction of this court to correct under article 78 of the Civil Practice Act as was the noncompliance with section 15 of the Election Law in *Matter of Fox* v. *Cohen* (*supra*).

Turning to the merits, the court agrees with the respondent that the first notice sent by him was valid though unsigned. The committee rule requires only that " the town executive member * * * shall call a meeting * * * by giving * * * three days' *written notice by mail*." (Emphasis supplied.) Signing of such notice is not required. The printed words " Executive Member of the Suffolk County Democratic Committee of the Town of Smithtown," were, in the absence of an express provision requiring otherwise, sufficient to apprise petitioners that a meeting was being called by the town executive member.

But the respondent does not deny his noncompliance with so much of the committee rule as requires the written notice to be addressed to each member " at the address contained on the designating petition on file in the office of the Board of Elections by which such member was nominated for the position." Without setting forth the facts contained in petitioners' affidavits, suffice it to say that failure properly to address the notices resulted in several cases in their being received later than they ordinarily would have been and in several others in their not being received at all. That the petitioners eventually obtained actual notice of the meeting in time to attend does not **remedy**

the noncompliance with the committee rule. It is conceded by the respondent, furthermore, that notice to the county chairman, which was to be sent "in like manner" as the notices were to be sent to each member of the county committee, could not possibly have been received in time for him to attend the meeting. Whether he normally attends such meetings and despite the fact that he has not the right to vote thereat, the county committee has laid down certain rules, authorized by statute (Election Law, §§ 14, 15), for calling such meetings. Noncompliance therewith in the manner here shown renders any action taken at the meeting held on September 1, 1950, invalid. (See Abrahams on New York Election Law, p. 81.)

Respondent makes the further point that even if the petitioners had attended the meeting, their combined vote would not have changed the final result. True, had the petitioners voted against the respondent, and had they not been able to affect the vote of any other member present, the final vote would have been 645 to 601 in favor of the respondent. That vote would have been close. Who is to say what course the vote might have taken had all members of the committee been present at the meeting. Be that as it may, if the argument of the respondent is to prevail it might not inconceivably be argued that sending notice only to those having a majority vote and whom the executive member would feel assured would vote in his favor would be sufficient compliance with the committee rule. This court thinks otherwise.

The determinations made at the meeting of September 1, 1950, are accordingly annulled and the respondent is directed to reconvene and recall that meeting in the manner required by section 2 of article IV of the Rules and Regulations of the Suffolk County Democratic Committee, notice of such meeting to be mailed on or before December 26, 1950.

Proceed on notice.