George Tilzer, J.
The first vice-president and acting chairman of the Republican County Committee of the County of New York prays for an order restraining and enjoining the respondents from holding or conducting a special meeting of the county committee called for August 19, 1958, at 8:00 p. m., to elect a president of the county committee caused by the death of Thomas J. Curran on July 29,1958.
The sole question presented to this court is whether the special meeting for the election of a new chairman should be held on September 8, 1958 (as contended by the petitioner), or whether the special meeting should be held on August 19, 1958 (as contended by the respondents). In essence, the controversy involves the issue of the date for an election of a new county chairman to fill the existing vacancy in that office. After *1020 publicly announcing on August 6, 1958 that, in accordance with custom and decency, an appropriate mourning period of 30 days would be observed before a new president and chairman would be chosen at a special meeting called for that purpose; and after indicating also that the holding of a special meeting for such purpose should properly be deferred until the county committeemen returned from their vacations in the summer months, petitioner directed respondent Riesner, as secretary of the county committee, to send a notice of a special meeting to be held on September 8, 1958. The secretary, however, refused to send such notice and its dissemination was accomplished by the petitioner.
Thereafter, the secretary, purporting to act on the written request of more than 10% of the membership of the county committee, and with knowledge of the September 8 call, distributed a notice, dated August l’l, 1958, calling for a special meeting to elect a new chairman to be held on August 19, 1958.
Upon the death of the president and chairman of the county committee, his duties, by the general rules governing the conduct of associations and corporations, and by common custom and usage, fell upon the petitioner, the first vice-president of the committee. As chairman, it was her duty, upon written request submitted to her, to call a special meeting of the county committee. Here there was no request directed to the petitioner as acting chairman. The secretary allocated to himself the authority to issue a notice of special meeting.
The Rules and Regulations of the Republican party of New York County describe the duties of the secretary as follows: “Article V. 'Section 4. The Secretary shall notify the members through the mail of the time and place of all meetings, keep a true record of all the proceedings of the committee, and a roll of the members with their respective places of address, and shall act as Secretary of all standing committees, and shall keep a full and exact record of the proceedings thereof.” It is obvious that the description of these duties do not in any manner include the right to call a meeting or to designate the time and place of such meeting. It would seem that orderly procedure would leave the time and place to the chairman in order to avoid any conflicts between competing interests. The duties and powers of the chairman devolved upon the petitioner and not upon the secretary. Having refused to distribute notices of the time and place set by the acting chairman, which notice was dated the 8th day of August, 1958, he notified the county committee on August 11 of the time and place of the purported *1021 special meeting. This matter should have been first presented to the acting chairman. This was not done and the secretary lacked the power to send the notice dated the 11th day of August, 1958. Accordingly, the notice sent by the secretary, demonstrated to be without authority or right, was invalid and any business transacted at this proposed meeting would of necessity be void. (Bules and Regulations of Republican Party of County of New York, art. VII, § 2; art. V, § 3; Election Law, § 15; Matter of Mead, 221 App. Div. 365; 2 Fletcher, Cyclopedia Corporations [1954 ed.], § 627; Robert’s Rules of Order [75th Anniversary ed.], p. 242.)
Rules having been adopted by the Republican County Committee of New York County they must be conformed to until they are regularly changed. So long as they are in force they are the law of the committee and must be obeyed. These rules are not contrary or repugnant to any provisions of the Election Law and consequently must be enforced by this court. The secretary of the committee is merely a ministerial officer, with no right to call a special meeting oil his own motion. All he can do is to forward such request of the membership to the acting chairman for the purpose of determining the validity of the petition and its compliance with the rules. When the request is found sufficient*, the acting chairman then makes the arrangements for the date and place. The secretary had no power to pass upon the validity of the written request; no power to hire a hall; or to fix a date; or to take any steps which pertain to the office of the acting chairman. Moreover, the rules do not give the requesting 10% of the members any right to choose the date of the meeting. To give such a right to any such group would be a negation of orderly procedure.
The instant case does not present the situation where a chairman or acting chairman has failed to act; or where an organization is powerless to function and no steps have been taken to provide for the orderly conduct of its affairs. Petitioner, as first vice-president and acting chairman duly called a special meeting — the very purpose sought by the respondents. All that is sought by those purporting to conduct a special meeting is the filling of a vacancy. The first vice-president and acting *1022 chairman has already moved and issued a formal call for that specific purpose.
The respondents have failed to satisfy the court as to the necessity for immediate action by reason of the forthcoming convention of the Republican party. This court is firmly of the opinion that the need for a special meeting prior to the State convention has not been demonstrated by the respondents. It offends common decency and there is no satisfactory reason for an immediate meeting. The State convention on August 25, 1958, is composed of delegates elected for that express purpose. To suggest that there is need for an election of a chairman of the county committee of one of 62 counties of the State of New York is unimpressive. Indeed, any business which may properly come before the State convention is controlled primarily by its delegates and not by the chairman or members of a local county committee. From a practical standpoint, moreover, the special meeting called by the petitioner for September 8, bearing in mind that many committeemen would be out of the city taking their annual vacations during the month of August, was fair and proper in the circumstances.
This court has the necessary jurisdiction to hear and decide this controversy. The Election Law specifically provides for the organization of a county committee and in great detail provides for its management and control. To say that this court is without jurisdiction is to say that there is no controlling power over political parties organized under the Election Law. Section 15 of article 2 specifically provides for the adoption of the rules and regulations here in issue and as a necessary essential this court has the power to supervise the county committee when duly requested. Section 330 of the Election Law provides: ‘ ‘ The Supreme Court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally ” (emphasis supplied).
That this court has assumed such jurisdiction is not open to question (People ex rel. Boyle v. Livingston, 106 Misc. 188, affd. 188 App. Div. 922; Matter of Sutherland v. Board of Elections of City of N. Y., 108 Misc. 457; Matter of Kelly v. Cohen, 174 Misc. 1085; People [Proctor] v. Kings County Republican Gen. Comm., 63 App. Div. 438, affd. 168 N. Y. 639; Matter of Mead, supra).
The language employed by the Republican rules here adopted convinces this court that all power over meetings was lodged with the chairman. The general rules of construction make imperative the interpretation adopted by the court.
*1023 A county committee of a political party has been likened to an unincorporated association (Saxer v. Democratic County Comm., 161 Misc. 35). The general rule is that if the office of president becomes vacant, the vice-president has authority to act in place and stead and with the same power and authority as the president. Fletcher (Cyclopedia Corporations [1954 ed.], Vol. 2, § 627, pp. 77A-776) states: “ A vice president has been defined as an officer next in rank below the president. He is an agent of the corporation and has been referred to as a ‘ fifth wheel,’ i.e., a conditional officer who acts as president in the case of the death, absence or inability of the president to act. Prima facie, it would seem that the only function of a vice president is to replace the president in case of the latter’s death, incapacity, etc. The title of vice president of a corporation indicates that the officer has no function to perform except in case of the absence, disability or death of the president. ’ As a general rule, in the absence or in case of the illness of the president, or if the office of president becomes vacant, the vice president, if one has been elected or appointed by the stockholders or directors, has authority to act in his stead and with the same authority possessed by the president; and it can make no difference that the charter of the corporation does not mention the office of vice president where it authorizes the appointment of officers generally and the bylaws provide for his appointment, or that the bylaws do not expressly provide for a vice president where they authorize the directors to appoint officers', and they have created the office. Thus, if a vacancy in the office of president occurs by death, the vice president may act in the president’s stead. So if the president refuses to act as such, it has been held that not only is the vice president authorized to act in his place but it is his duty to do so.”
It is interesting to note that section 4 of article VIII of the rules states that ‘ ‘ in all cases not provided for in the foregoing Rules of Order, the Committee shall be governed by the common parliamentary rules as laid down in Robert’s Rules of Order ”. Robert’s Rules of Order (75th Anniversary ed. p. 242) provides: “ The same [additional duties] is true of vice presidents. Sometimes they have charge of different departments, and they should be chosen with those duties in view as prescribed by the by-law’s. It must not be forgotten that in the case of the absence of the president the first vice president presides. In case of the resignation or death of the president the first vice president automatically becomes the president for the unexpired term unless the by-laws provide otherwise. The second vice president *1024 becomes the first, and so on. The vacancy to be filled occurs in the lowest ranking vice presidency. It is a mistake to elect a vice president who is not competent to perform the duties of president.”
This court therefore concludes that (1) it has jurisdiction of the subject matter; (2) that the notice of the special meeting called for August 19, 1958 has not been issued in accordance with the rules of the Republican party of the County of New York, is void and of no force and effect, and (3) that the special meeting of August 19, 1958 should be enjoined.
So ordered.

 Article VII. Section 2. Special meetings may be called by the Chairman and may be called on the written request of 10% of the membership of the County Committee representing at least ten (10) different executive districts and provided that 5% of the membership of the County Committee of each such executive district be signed to such request. Such request must state the object for which the special meeting is to be called and no other business shall be transacted at such meeting except by unanimous consent.