Edward Robinson, Jr., J.
Application for an order directing the respondents to turn over all funds, records, etc., held in the name of the Islip Town Democratic Committee and enjoining them from calling or holding any meetings in the name of the Islip Town Democratic Committee, etc.
The application is made pursuant to section 330 of the Election Law. That section provides for summary relief in certain situations. “Any extension of the summary remedy authorized by that section must be made by the Legislature. ’ ’ (Matter of Hogan v. Supreme Court, 281 N. Y. 572, 576.) Here, the situation revealed by the papers submitted, although liberally construed, does not come within the scope of section 330, nor if it were within that section, has the proceeding been brought within the time limitations provided therein.
The petitioner contends that he was appointed chairman of the Islip Town Democratic Committee on September 24, 1958, that he has assumed the duties of the position, and has been recognized by the Executive Committee of the Suffolk County Democratic Committee since October 6, 1958, as the executive member from the Town of Islip, but that the respondents are withholding funds, records and equipment and have continued to hold themselves out as officers of the Islip Town Democratic Committee.
It appears that at the primary election held on August 12, 1958, George Mintzer the incumbent chairman of the Islip Town Democratic Committee was not re-elected as a committeeman. Pursuant to article IV, section 2 of the Rules and Regulations of the Suffolk County Democratic Committee as adopted April 1, 1944 and amended July 23, 1957, the office of town executive member became vacant when Mr. Mintzer failed to be re-elected *1084 a committeeman. A meeting of the committeemen within the Town of Islip could be called by the senior member of the county committee within the town but upon his failure to call such meeting within 30 days after the primary election the office may be filled by the county chairman.
It is the contention of the petitioner that no meeting was called in accordance with the aforesaid article IV, section 2, and therefore his appointment by the county chairman was valid. The respondents contend that a meeting was called and held (Sept. 11, 1958) within the 30 days provided by article IV, pursuant to the authorization of the senior member of the county committee. Conflicting affidavits by the senior member have been submitted with respect to whether or not he authorized or directed anyone to call a meeting.
No useful purpose will be served by further detailing the nature of the controversy, for clearly it is one which does not fall within the scope of section 330 of the Election Law. The proceedings referred to therein relate to elections and the proceedings must be instituted within a specified time 1 ‘ preceding the day of election ” (§ 330, subd. 2).
Under subdivision 3 of section 330, a “ candidate aggrieved ” may question the form and contents of the ballots and the use of any emblem, color, party name, etc. Here, as no election is to be held, there is no “ candidate aggrieved ”, and “ contests as to who was rightfully elected to the position of committeeman, which is a party position, should be, like title to an elective office, tried out in quo warranto proceedings ”. (Matter of Bewley, 138 Misc. 108, 111; see, also, Matter of Macy v. Clayton, 100 N. Y. S. 2d 890, affd. 277 App. Div. 1131; Matter of Ahern v. Board of Supervisors, 7 A D 2d 538; Matter of McLaughlin, 242 App. Div. 786; Matter of Hines, 141 App. Div. 569, 574.) In Matter of Jones v. Malone (200 Misc. 88) Mr. Justice Colden held on a similar set of facts involving the election of an executive member of the Town of Smithtown Democratic Committee, that a proceeding pursuant to section 330 of the Election Law would not lie.
Application denied.