Bernard S. Meyer, J.
In this article 78 proceeding, the first cause of action alleges that petitioner Battipaglia was duly elected Chairman of the Executive Committee of the Democratic County Committee of the County of Queens on September 8, 1958; that in June, 1959 he was served with certain charges and specifications of alleged misconduct and that at a meeting of said Executive Committee on July 2, 1959, the aforesaid charges were considered and a resolution adopted sustaining each specification and removing petitioner as Chairman of the Executive Committee; that the determination thus made is invalid because the matters alleged in the specifications are not among the causes for removal set forth in the Rules and Regulations of the County Committee and are not among the causes for removal set forth in section 16 of the Election Law, because the determination was not made in accordance with procedures prescribed by law, and because the evidence presented to the Executive Committee did not amount to a preponderance of proof. The second cause of action alleges that on May 25, 1959, *227 the said Executive Committee adopted a resolution withdrawing from the said Battipaglia all rights, privileges, powers and duties possessed and exercised by him as chairman, and that that resolution violated the Rules and Regulations of the Democratic County Committee and was invalid and void. Respondents move to dismiss the petition as a matter of law. The motion is denied.
Joined with Battipaglia as petitioners are two other members of the Executive Committee and three members of the Democratic County Committee. Respondents object that none of the petitioners have status to maintain the proceeding. As to all of the petitioners except Robert Battipaglia, the objection is well taken. An amended petition may be served deleting their names and other references to them. Battipaglia’s interest as a person removed from a party office to which he was duly elected is, however, sufficient to maintain this proceeding.
The petition names as respondents the Executive Committee of the Democratic County Committee of the County of Queens, the Democratic County Committee of the County of Queens, John J. O’Brien who is the vice-chairman and Sidney Leviss, who is the Secretary of the Executive Committee. No objection is made' to the naming of the Executive Committee of the Democratic County Committee, but it is objected that the Democratic County Committee itself and John J. O ’Brien and Sidney Leviss are neither proper nor necessary parties. Since the Executive Committee acts for and on behalf of the Democratic County Committee, the latter committee is a proper, if not necessary party. Leviss, as the secretary, may be properly joined under section 1290 of the Civil Practice Act as the ‘ ‘ person having-custody of a record of proceeding subject to review”, if that is the fact. O’Brien, as the vice-chairman, is under the party rules, the person who succeeds to the powers of the chairman and, therefore, under section 1290 would be a necessary party as the person in whose favor the Executive Committee proceeded in excess of its jurisdiction. The rules, though referred to in the petition and handed up at the argument are not set forth in or annexed to the pleadings. Respondents have not urged this technicality, and it will be deemed waived. Unless, however, petitioner amends to allege that Leviss has custody of the record of the proceeding, the objection to his being named as a party will be sustained.
Respondent argues that article 78 is not the appropriate proceeding, that the proper remedy, if any, is pursuant to section 330 of the Election Law. We are here concerned not with election to, but removal from, party office. Removal is not referred to *228 in section 330 and is not covered by it (Matter of Ganley, 90 Misc. 445) and whether election to such office is covered by the section is not clear. Compare Matter of Jones v. Malone (200 Misc. 88) and Matter of Hand v. Mint&er (19 Misc 2d 1083) with Matter of Connolly v. Cohen (173 Misc. 288, affd. 258 App. Div. 944, 945) and see Matter of Crawford v. Cohen (291 N. Y. 98) which concerned the organization meeting, at which officers are normally elected. It is clear, as respondents argue, that petitioner was removed as an officer, not as a member of the Executive Committee, and that, therefore, neither section 16 nor section 336 of the Election Law applies. But it does not follow, therefrom, that the validity of petitioner’s removal from office and of the resolution stripping him of power may not be reviewed at all.
Whether either resolution was validly adopted depends on the construction to be placed upon the party rules and regulations. Those rules are adopted pursuant to subdivision 2 of section 15 of the Election Law and when adopted ‘1 continue to be the rules for the committee until they are amended or new rules adopted”. They may only be amended as provided in section 15, and under section 14 of the Election Law: “All committees other than state and county committees shall be formed in the manner provided for by the rules of the party ”. The rules “ are the law of the committee and must be obeyed * * * and * * * must be enforced by this court ’ ’ (Matter of Davie v. Riesner, 13 Misc 2d 1019, 1021; see Thayer v. Ganter, 174 Misc. 394). And as Justice Coldest held in Matter of Jones v. Malone (supra, p. 91) “Implicit in that authorization [of § 14] is the requirement that a committee formed according to such rules shall also be conducted in accordance therewith, and violation of such rules is as much within the jurisdiction of this court to correct under article 78 of the Civil Practice Act as was the noncompliance with section 15 of the Election Law in Fox v. Cohen [262 App. Div. 1028] ” (italics by Justice Coldest).
There is no question that mandamus will lie to review the expulsion 1 ‘ for cause ” of a member of an incorporated social club (Matter of Barry v. Players, 147 App. Div. 704, affd. 204 N. Y. 669). It is, however, also true that mandamus cannot normally be used to compel an unincorporated association to reinstate a member who has been expelled or suspended. The reason for the latter rule has been stated to be that the writ will issue only to compel such associations to comply with the duties enjoined on them by statute (Third Annual Report of N. Y. Judicial Council, 1937, p. 135, n. 21) and mil not lie to enforce *229 private rights based on contract (Matter of Weidenfeld v. Keppler, 84 App. Div. 235, affd. 176 N. Y. 562). Where, however, the body against which the writ would issue derived its charter or the exercise of its functions from the State, as with political committees, the rule does not apply. (People ex rel. Coffey v. Democratic Committee, 164 N. Y. 335.) Here no private rights based on contract are involved; the duties, arising under party rules, enacted under and continued in force by the Election Law, are duties enjoined by statute. (Matter of Jones v. Malone, 200 Misc. 88, supra.) While formerly political parties were voluntary organizations unrecognized by statute, with the management and control of which a court would not interfere (McKane v. Adams, 123 N. Y. 609) they are, though still unincorporated associations (Democratic Organization of County of Richmond, v. Democratic Organization of the County of Richmond, 253 App. Div. 820; Brown v. Cole, 54 Misc. 278) now recognized by statute and have statutory rights and duties (People ex rel. Coffey v. Democratic Committee, supra). People ex rel. Trayer v. Lauterbach (7 App. Div. 293) is for this reason distinguishable. And all of those rights and duties are under the party rules here in question carried out by the Executive Committee (rule X, § 4) and when the Executive Committee is not in session, by its chairman (rule X, § 5). The Chairman of the Executive Committee also has the powers and duties of the Chairman of the County Committee while the County Committee is not in session (ibid.). It follows that this article 78 proceeding is appropriate to try the validity of petitioner’s removal and the validity of the May 25, 1959 resolution revoking his powers. (People ex rel. Boyle v. Livingston, 106 Misc. 188, affd. 188 App. Div. 992.)
Respondents urge, finally, that in any event the petition does not state facts sufficient to constitute grounds for the relief sought. They contend that, as to the first cause of action, the Executive Committee is endowed by the rules with an absolute right of removal, and as to the second cause" of action, that facts are not alleged. As to the latter contention, Paragraph 21s x. affirmatively alleges that the May 25, 1959 resolution was ii? violation of the party rules and therefore invalid. This would be sufficient except for the failure to allege the wording of the rule involved (People ex rel. Coffey v. Democratic General Committee, 52 App. Div. 170, revd. 164 N. Y. 335) to raise the legal question which it is sought to have decided. That technicality is, however, deemed waived.
As to the former contention, it is not sustained by the rules. Rule XI concerns ‘1 Removal of Officers and Executive Mem *230 bers ”. Section 1 provides: “ All Officers of the County Committee, officers of the Executive Committee and Executive Members may be removed from office for cause, in the manner provided herein.” Section 2 establishes “the manner” in which the removal power granted by section 1 is to be exercised. It reads: “The Executive Committee shall at all times have the power to remove any of its officers by a majority vote of all the Executive Members at a meeting called for that purpose on three (3) days written notice to all of such Executive Members. The calling of such meeting shall be by the Chairman of the Executive Committee upon a written request of a majority of all the Executive Members. In the event he neglects or refuses to call such meeting after such request, the procedure as set forth in Rule X, subdivision 2, shall apply and may be followed.”
To construe the language of section 2, as respondents urge, as an absolute power of removal rather than a specification of “ the manner provided herein ” would disregard both the latter phrase and the words 1 ‘ for cause ’ ’ in section 1. Such an absurd construction clearly was not intended.
Clearly also the provision of section 1 that “ officers of the Executive Committee * * * may be removed from office for cause ” does not give the Executive Committee unlimited discretion to determine what shall be cause ,for removal. It is unnecesary now to determine what may be the effect on that question of the provision of section 4 of rule XI that: ‘ ‘ Any officer or member of the Executive Committee who supports for public office a nominee in opposition to a nominee of the Democratic Party may be removed from such committee by a majority vote of its members.” It is enough to note that the words “ for cause ” have a well-understood legal meaning which excludes arbitrary action. As Governor Tilden stated in 1875, “‘The principle on which the whole system rests is, that a removal in such cases must be for a substantial, reasonable and just cause ’ ’ ’ (People ex rel. Nichols v. Mayor, 19 Hun 441, 446). That principle and the words “for cause” have been more explicitly defined, with respect to the removal of a City Magistrate, to require the showing of ‘ ‘ corruption, general neglect of duty, delinquency affecting general character and fitness for office, acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants’ rights, and acts justifying ‘ the finding that his future retention of office is inconsistent with the fair and proper administration of justice ’ ’ ’ (Matter of Kane v. Rudich, 256 App. Div. 586, 587 [italics in the original]); with respect to the removal of county or municipal officials, to require that the cause assigned for removal must *231 not be a mere whim or subterfuge, but must be of substance relating to the character, neglect of duty, or -fitness of the person removed to properly discharge the duties of his position (People ex rel. Van Tine v. Purdy, 221 N. Y. 396; People ex rel. Keech v. Thompson, 94. N. Y. 451; People ex rel. Munday v. Fire Commissioners, 72 N. Y. 445; Matter of Guden, 71 App. Div. 422, affd. 171 N. Y. 529; People ex rel. Freeman v. McGuire, 27 App. Div. 593; People ex rel. Nichols v. Mayor, supra); with respect to an employer-employee relationship, to require “a ‘ cause ’ which would justify the employer in terminating the contract for a breach thereof by plaintiff and not arbitrarily ” (Parsil v. Emery, 242 App. Div. 653); and with respect to the license of a trainer of race horses, to require that 1‘ revocation must be for an occurrence which it is reasonably consistent with sound public policy to find offensive. The determination must not be arbitrary or capricious ” (Matter of Smith v. Cole, 270 App. Div. 675, 677).
It is, of course, true, as respondents contend, that this court cannot under the guise of review substitute its judgment for that of the Executive Committee. It can, however, review the proceeding to determine whether the cause asserted falls within the legal definition above outlined, whether the procedures provided by the by-laws were in any material sense violated, and whether there was substantial evidence to sustain the findings. The petition sets forth facts sufficient to warrant review of the proceedings under one or more of those heads with respect to each of the resolutions in question. The motion to dismiss is, therefore, denied. Petitioner shall serve a petition amended as required by the foregoing on or before August 15,1959, respondents shall have until August 20, 1959 to serve their answer and return and petitioner until August 22, 1959 to reply, the answer and reply being accompanied by such affidavits, if any, as the parties may desire to file. The matter is set down for hearing on the merits before me, on Monday, August 24, 1959, at 11:00 a.m., at 33 Willis Avenue, Mineóla.
Submit order.