Edwin R. Lynde, J.
In this action for a declaratory judgment, the plaintiffs-petitioners have applied for an injunction pendente lite seeking (1) to restrain the defendant-respondent, Aaron B. Cohen, from exercising any powers as chairman of the G-len Cove Republican city committee, (2) to declare an organizational meeting of that committee held on September 9, 1963, null and void, and (3) to direct the said committee to hold a new organizational meeting.
Insofar as petitioners seek, by way of temporary injunction, to require the (Hen Cove Republican city committee to hold a *616 new organizational meeting predicated on the contention that the meeting of September 9, 1963, was void, this application is denied. The granting of such a remedy would afford to the petitioners all the relief they seek at the end of the litigation. There has been no showing here that there is any imperative necessity for the temporary injunction or that the trial would be futile. (10 Carmody-Wait, New York Practice, p. 548, § 21 and cases cited.)
Insofar as petitioners seek by temporary injunction to restrain the respondent, Aaron B. Cohen, from exercising any of his powers as chairman of the Glen Cove Republican city committee, and to declare that the acts previously taken by him in convening the meeting of September 9, 1963, and other acts performed by him as chairman of the Glen Cove Republican city committee, are void, the application is likewise denied.
The facts which precipitated this controversy are these:
In the 1961 primary, Aaron B. Cohen was elected a Republican county committeeman. In April of 1962 he was elected chairman of the city committee. On May 21, 1963, while said Aaron B. Cohen was still a county committeeman and chairman of the said city committee, a meeting of that committee was called for the purpose of adopting certain amendments to its by-laws. Among other things, the amendments to the by-laws contained provisions that officers of the city committee must reside within the City of Glen Cove, but need not be members of the city or county committees. At that time, the rules and regulations of the Nassau County Republican committee in effect apparently required that city committees be composed entirely of elected committeemen. However, on June 17, 1963, the Nassau County Republican committee amended its rules and regulations so as to permit persons who were not elected as county committeemen to become officers of county, town and city committees. Sometime subsequent to adoption of the foregoing amendments by the county committee and the primary election of September, 1963, the defendant, Aaron B. Cohen, resigned as county committeeman, but continued as chairman of the city committee.
The county committee rules and regulations, as they existed prior to the disputed amendment, have not been submitted to the court. The petitioners argue that the county committee rules contain no provisions specifically permitting a person who is not a county committeeman to become chairman of a city committee and it is assumed that as of May, 1963, when the city committee amendment was enacted, the county committee rules and regulations restricted membership and the right to hold office within a city committee to duly elected committeemen.
*617 The organization of political party committees is regulated by the Election Law of the State of New York. Section 10 of the Election Law provides that party committees shall consist of a State committee, county committees, and such other committees as the rules of the party may provide. Section 14 of the Election Law states that all committees other than State and county committees, shall be formed in the manner provided for by the rules of the party. Section 13 requires that members of State and county committees shall be elected at primary elections as therein provided. An exception to the requirement of election is found in section 15, dealing with “ Organization and rules of committees,” which provides that a county committee must meet within a prescribed time for organization purposes and that the organization meeting may elect certain enumerated officers and that officers need not be members of that committee.
There is no statutory requirement that a city committee shall consist of elected party representatives and where the county committee rules permit persons who have not been elected to the county committee to be members of a city committee, there is no violation of the Election Law. Valid rules of a committee will be enforced by a court. (Thayer v. Ganter, 174 Misc. 394; Theofel v. Butler, 134 Misc. 259, affid. 227 App. Div. 626; Matter of Davie v. Riesner, 13 Misc 2d 1019; Matter of Battipaglia v. Executive Committee of Democratic County Committee, 20 Misc 2d 226.)
The petitioners further contend that the amendment to the city committee by-laws of May 21,1963, was not validly enacted because (1) it was not approved by a majority of the city committee, and (2) at the time of the enactment, the county committee rules limited membership in city committees to elected county committeemen and the amendment was therefore invalid.
There is no substance to the argument that the amendment adopted by the city committee in May of 1963 was not approved by a majority of that committee. The by-laws in effect at the time the meeting was called provided they could be amended by a majority vote of the committee at any meeting (art. II, § 5), and that a majority of those voting was necessary on all questions and elections, the poll showing a quorum present and voting. (Art. II, § 2.) It appears further at least 13 members representing at least 7 districts constituted a quorum for the transaction of business. (Art. I, § 8.) The petitioners’ papers do not show how many committeemen attended that meeting, nor how many districts were represented at the meeting, but state that the vote was “ 12 for, 4 against and 15 abstentions.” There is no indication as to how many of the abstentions were *618 absentees. The respondent’s papers state there were 25 committeemen present ont of a total of 33; that there were “ 14 yes votes, 4 no votes and 7 abstained from voting.” It is the petitioners’ contention that the reference to a majority of the committee in the by-laws means a majority of all the committeemen and not the majority of those present at a meeting. In the absence of anything specifically contrary, a majority of a quorum is sufficient to adopt a proposal duly submitted at a meeting. (Matter of Havender, 181 Misc. 989; Blaikie v. Knott, 277 App. Div. 461; Robert’s Rules of Order [75th ed.], § 64, p. 260.) Accepting the version of the meeting offered by the petitioners, the by-laws were validly enacted. The failures to vote regardless of the fact that they emanated from committeemen present or absent cannot affect results. A quorum was present and a majority of that quorum adopted the by-laws. This was in conformity to and consistent with the provisions (art. II, § 2) of the by-laws, which provided that “ a majority of those voting shall be necessary on all questions and elections ”.
This court cannot agree with the contention that the proposed amendment to the city committee rules was void because the county committee rules at the time of adoption did not provide for membership in city committees by persons other than those elected to county committees. The proposed amendment did not violate any law. There was and is no statutory proscription against permitting nonelected party representatives to become members of a city committee. (Thayer v. Ganter, 174 Misc. 394, supra.) From the evidence before the court, it appears that the city committee did adopt an amendment which at that time included provisions beyond its powers. Such an act is not illegal, it is ultra vires. In the circumstance of the enactment, it is fair to assume that the members of the city committee were aware that the county committee was about to amend its rules in such a manner that the acts contemplated by the city amendment would be permissible. No immediate action was contemplated under the city committee amendment and none was taken until after the county committee had amended its rules and regulations. When the county committee amendment was enacted, the city committee amendment fell within the powers granted and complied in all respects with the Election Law. The position of the committee is exactly the same as that of a corporation that is engaged in a transaction which, although beyond its powers in the first instance, can be validated by subsequent legislation if the transaction could have been authorized in the first instance. (19 C. J. S., Corporations, § 981.)
*619 Accordingly, I find Aaron B. Cohen was chairman of the city committee at the time the organizational meeting was called and that the organizational meeting was properly called by him.