James H. O’Connor, J.
The petitioner, by order to show cause seeks an order pursuant to article 78 of CPLB and/or section 330 of the Election Law directing the respondents to permit him a discovery and inspection of the Bules and Begulations of the Democratic Committee of the City of Utica in existence on the 28th day of June, 1966 to the present date and of the minutes of the meetings of the Democratic City Committee of the City of Utica from the same period of time, and directing a prompt hearing to review the action of the respondents in removing and replacing the petitioner as Fifth Ward Democratic Chairman of the City of Utica and upon the conclusion of the hearing annulling and setting aside his removal and replacement as Fifth Ward Democratic Chairman and reinstating him as such chairman.
The petitioner claims in his petition that he was and still is the duly elected Democratic Committeeman for the Fifth Ward, Third District, in the City of Utica, having been elected to said office in the Democratic primary held on June 28, 1966. Furthermore, he was elected Chairman of the Fifth Ward pursuant to the Bules and Begulations of the Democratic Committee of the City of Utica within 20 days after the election of the County Committeemen. He claims that the Chairman of the Democratic City Committee of the City of Utica, in violation of the Bules and Begulations of the Democratic Committee of the City of Utica convened a committee meeting of the Fifth Ward of the City of Utica on or about the third day of March, 1967 *175 and at said meeting elected the respondent, W. Dewey Steffen, as Chairman of the Fifth Ward in the City of Utica. It is his contention that this action was in violation of the Rules and Regulations of the Democratic City Committee although he states in his petition he does not have access to either the minutes of the meetings held by the Democratic City Committee of the City of Utica or the rules and regulations of said committee since June 28, 1966.
In the brief submitted on this argument the petitioner claims that the Rules and Regulations of the Oneida County Democratic Committee provide under section 11 that an officer of any committee may be removed only by a two-thirds vote of the whole committee and after a hearing has been held upon written charges. Since the Rules and Regulations of the Democratic City Committee are silent as to the removal of Ward Chairman, it is claimed that the rules of the parent County Committee would apply and that the petitioner could be removed only for cause and by a two-thirds vote upon written charges.
However, upon the return date of the order to show cause there was presented to this court the Rules and Regulations of the Democratic Committee of the City of Utica which were adopted at a City Committee meeting on July 14, 1966. These rules and regulations were adopted pursuant to authority given under section 15 of the Oneida County Democratic Committee which were in full force and effect on that date. Section 15 of the Rules and Regulations of the Democratic Committee of the City of Utica states as follows:
“Section 15 All officers of the City Committee, exclusive of the 17 Ward Chairmen, shall serve at the pleasure of the City Committee and may be removed by a majority of the full membership of the City Committee present and called for that purpose. Any officer of the City Committee or the 17 Ward Chairmen who shall fail to attend three (3) consecutive called meetings, unless a valid reason is submitted to the Chairman prior to the meeting, automatically vacates his position as an officer of the City Committee and as a Ward Chairman. In the event such an automatic vacancy arises, the Committeemen of the respective political unit involved shall be notified by the City Chairman that the particular officer or Ward Chairman has failed to comply with the attendance requirements set forth in Section 15 of the By-Laws and that said officer or Ward Chairman has automatically forfeited his position on the City Executive Committee.
“ In the event such an automatic vacancy occurs, the Committeemen of the respective political unit involved upon due *176 notification by the City Chairman, shall meet and elect a new Ward Chairman to fill the vacancy. The officer or Ward Chairman who has so automatically vacated his position shall not be eligible as a candidate for Chairman for that particular year. In the event the Committeemen participating in selecting a new Ward Chairman fail to elect one, the City Chairman shall appoint a member from the respective political unit to fill the unexpired term.”
The respondents submitted various affidavits which state in substance that meetings of the Democratic City Committee were held on January 19,1967, January 26,1967 and February 2,1967 and that the petitioner herein as Fifth Ward Chairman was duly notified in writing of the above meetings and that at a call of attendance at said meetings the petitioner failed to respond and was marked absent for his failure to attend. Furthermore, no valid reason had been submitted by the petitioner nor anyone on his behalf as to why he could not or would not attend the afore-mentioned meetings. These affidavits further allege that by virtue of the automatic vacancy which existed in the Chairmanship of the Fifth Ward, a meeting was held on February 27, 1967 at which meeting respondent W. Dewey Steffen was elected to fill that vacancy.
At the outset it should be noted that the respondents have failed to file an answer to the petition as required by CPLE 7804. However, the court treats the answering affidavits of the respondents as an answer since they have been verified and set forth facts sufficiently relevant to controvert the allegations in the petition. (Matter of Kropp v. Common Council, 26 Misc 2d 127, 132.)
Furthermore an article 78 proceeding is the proper vehicle for determination of the issue of the improper removal of a member of a political committee. (Election Law, § 336; Matter of Battipaglia v. Democratic Committee, 20 Misc 2d 226.)
Committees other than State and County Committees may be formed in the manner provided by the rules of the party. (Election Law, § 14.) Under subdivision 2 of section 15 of the Election Law each committee can prepare rules for the government of the party within its political subdivision. That section provides that the rules should continue to be the rules for the committee until they are amended or new rules adopted. Furthermore, the section concludes by stating that until the adoption of such rules the rules of the existing committee, so far as are consistent with the chapter of the Election Law involved shall continue to be the rules of the party for that political unit.
*177 Section 10 of the Election Law defines party committees as the State Committee, the County Committee and such other committees as the rules of the party may provide.
Under the statutes above it is clear that all authority of the City Committee of the City of Utica is dependent upon the rules and regulations laid down by the Oneida County Democratic Committee. (See Matter of De Camilla v. Connery, 43 Misc 2d 395.)
The Bules and Begulations of the Oneida County Democratic Committee in effect on July 14, 1966 provided for the establishment of a City Committee for each of the cities of Utica and Borne and such committees to be composed of the County Committeemen from the respective districts of the said cities. These rules and regulations further empower and authorize the Utica City Committee to prepare and adopt rules and regulations for its conduct and its functioning. Pursuant to this authority the Bules and Begulations of the Utica City Committee were adopted on July 14, 1966.
The rules and regulations so adopted are the law of the committee and must be obeyed and enforced by this court. (Matter of Battipaglia v. Democratic Committee, supra; Matter of Davie v. Riesner, 13 Misc 2d 1019; Lamb v. Cohen, 40 Misc 2d 615.)
Under the Bules and Begulations of the Utica City Democratic Committee no requirement of cause or reason is necessary for the removal of a chairman who absents himself from 3 regularly held consecutive meetings. By reason of his failure to appear his position on the Executive Committee and his position as Fifth Ward Chairman becomes automatically vacant. This court cannot say that this rule, validly enacted and authorized by the County Committee Buies is unreasonable or in violation of any of the provisions of the Election Law under which the ultimate authority for their validity rests.
Therefore, it is this court’s decision that the petition be dismissed on the ground that there existed a prima facie valid Bule and Begulation of the City Committee of the City of Utica allowing and authorizing the action taken in replacing petitioner as Fifth Ward Chairman. Nothing in this decision however should be construed as holding that the Bules and Begulations of the City Committee of the City of Utica were in fact validly adopted nor that the petitioner had received adequate notice of the three consecutive meetings which he allegedly did not attend.